**TRINITY BROADCASTING CORP., a Michigan corporation, Plaintiff,**

**v.**

**LEECO OIL COMPANY and Lee R. Eller, Defendants.**

**and**

**TRINITY BROADCASTING CORP., a Michigan corporation, Plaintiff,**

**v.**

**Reece B. MORREL, Donald E. Herrold and J. Charles Shelton, Defendants.**

No. 61515.

Supreme Court of Oklahoma.

Nov. 13, 1984.

As Corrected Nov. 20, 1984.

Rehearing Denied Jan. 15, 1985.

Steven J. Berg, Briggs, Patterson, Eaton & Berg, Tulsa, for plaintiff; Joseph C. Long, Norman, of counsel.

Jack N. Herrold, Herrold, Gregg & Herrold, Tulsa, for defendants.

OPALA, Justice.

In accordance with the provisions of the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S.1981 § 1601 et seq., the United States District Court for

the Northern District of Oklahoma certified the following question:

"Which limitation period applies to a cause of action brought under OKLA. STAT. tit. 71, Sec. 408; the two-year period in effect at the time plaintiff's cause of action arose on July 25, 1980 [71 O.S.Supp.1973 § 408],[1] or the three-year period which became effective on September 15, 1980 [71 O.S.Supp.1980 § 408]?"[2]

We hold that the 1980 amendment of 71 O.S.Supp.1973 § 408(e) serves to extend the limitations period for a cause of action not barred before the effective date of the amendment.

The first action was brought by plaintiff Trinity Broadcasting Corp. [Trinity] against defendants Leeco Oil Company and Lee Eller for rescission founded on the anti-fraud and failure-to-register provisions of the Oklahoma Securities Act, 71 O.S. Supp.1980 § 408(a)(1) and (2). The second action, brought against Reece B. Morrel, Donald Herrold and J. Charles Shelton [referred to as the Morrel defendants], was also for rescission under § 408(a)(1).

Trinity seeks to rescind the transaction wherein it purchased a 49% interest as a limited partner in Leeco Drilling Program 1980–1. This interest had been owned by the "Morrel" defendants prior to its sale to Trinity. The purchase was completed on July 25, 1980.

Trinity commenced its action against Lee R. Eller and Leeco Oil Company on Decem-

ber 17, 1982. A later suit was filed against the Morrel defendants on July 25, 1983. The two cases were consolidated because they presented common questions of law and fact. The Morrel defendants invoked the statute of limitations both in their motions to dismiss and in a motion for summary judgment. They sought to impose the two-year time bar because that limit was in force when Trinity's cause of action arose. It is this period, they argue, that should govern instead of the three-year period that became effective before Trinity's cause of action came to be barred under the two-year statute.

■■■ Absent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only.[3] Statutes affecting procedure only, as distinguished from those that affect substantive rights, may be applied retroactively.[4]

■■■ Since we find that the 1980 amendment of § 408(e) effects merely a procedural change, it may be applied to pre-existing causes of action not barred at the time of its passage.

■■■ Statutes of limitations are viewed as procedural rather than substantive. No rights vest in them until a claim comes to be barred by a statute which governs it.[5] Insofar as a statute of limitations does affect rights of action in existence when it becomes effective, it is held that, in the absence of a contrary provision therein, it

1. The pertinent provisions of 71 O.S.Supp.1973 § 408 were:
"* * * (e) No person may sue under this section more than two (2) years after the contract of sale ..."

2. The *1980 amendment* of 71 O.S.Supp.1973 § 408 provides in pertinent part:
"* * * (e) No person may sue under subsection (a)(1) of this section more than three (3) years after the sale. No person may sue under subsection (a)(2) of this section more than two (2) years after the untruth or omission was, or in the exercise of reasonable care should have been, discovered, or such longer term of limitation as may be otherwise provided by law ..."

3. *Wickham v. Gulf Oil Corporation,* Okl., 623 P.2d 613, 615–616 [1981]; *Wilson v. State, ex rel. Oklahoma Tax Commission,* Okl., 594 P.2d 1210, 1212 [1979]; *Mid-Continent Casualty Company v. P. & H. Supply, Inc.,* Okl., 490 P.2d 1358, 1361 [1971].

4. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* Okl., 464 P.2d 748, 756 [1968]; *Gray v. Gray,* Okl., 459 P.2d 181, 186 [1969].

5. *Mires v. Hogan,* 79 Okl. 233, 192 P. 811 [1920] (syllabus 18 and 19).

begins to affect rights in existence when the cause of action is first subjected to its operation.[6] Since Trinity's claim was not barred before the amendment became effective, no rights vested in the two-year statute of limitations, and the amended three-year version may be applied as a mere procedural change in the enforcement of Trinity's claim.

A purely procedural change is one that affects the remedy only, and not the right.[7] The Morrel defendants argue that § 408 is a "statute of creation"[8] rather than a pure statute of limitations, and as a statute of creation it affects the right, not just the remedy. They also assert that any amendment of a statute of creation can only operate prospectively.

In our search for the correct response we need not pause to determine here whether in a choice-of-law analysis the Securities Act, as originally adopted, might be correctly termed a statute of creation[9] whose lapse-of-time provisions would be regarded—at least for conflict-of-laws purposes—as inextricably connected with the substantive right given its birth by the enactment.[10] What we are called upon to answer is much more narrow. Neither the character of the entire section's original version nor of the Act's initial lapse-of-time provisions is in controversy here. Rather, the precise and dispositive question before us is whether the 1980 extension of the § 408 time bar is merely a procedural law change which was intended to apply to rights in action then in existence. We conclude that both in its intent as well as in its effect the amendment operates merely upon the remedy and hold that the amendatory act governs those § 408 claims which were unextinguished on its effective date.

The new language in § 408(e), "[n]o person may sue under subsection (a)(1) of this section more than three (3) years after the sale", affects the remedy only. It does not bar the right itself. The Morrel defendants cite us to *Hiskett v. Wells*[11] for the proposition that a time limitation in a statute of creation is an inherent element of the right created thereby. While this is generally true, the language and effect of the enactment under review in *Hiskett* distinguishes it from the case at bar. There, the statute in contention was 32 O.S. 1951 § 83 which repealed the Community Property Law of 1945.[12] The repealing Act considered in

6. *Magnolia Petroleum Co. v. Watkins,* 177 Okl. 30, 57 P.2d 622, 626 [1936].

7. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* supra note 4.

8. This term refers to a statute that creates a right previously unknown to both the common as well as the statutory law. See *Hiskett v. Wells,* infra note 11 at 304.

9. The statute (a) creates a new liability, (b) gives an action to enforce the liability that was unknown at common law, (c) fixes a time within which one must bring such action, and (d) the limitation is directed at the newly created right so specifically as to say it qualifies the right, not just the remedy, *Hiskett v. Wells,* infra note 11 at 304.

10. In a choice-of-law analysis a statute of limitations that forms an inseparable part of the substantive right created in a legislative enactment is generally treated as substantive in character—a condition upon the right itself. Such

limitation is accordingly governed not by the law of the forum but by that of the state which created the substantive right. *Gochenour v. St. Louis San Francisco Ry. Co.,* 205 Okl. 594, 239 P.2d 769, 771 [1952]; *Edison v. Lewis,* Okl., 325 P.2d 955, 957 [1958]; *Hiskett v. Wells,* infra note 11 at 304; *Cherokee Laboratories, Inc. v. Rogers,* Okl., 398 P.2d 520, 522–524 [1965].
*The question before us here does not call for a choice-of-law analysis; nor is it governed by the right/remedy dichotomy applicable in conflict-of-laws problems.*

11. Okl., 351 P.2d 300, 304 [1960].

12. The terms of 32 O.S. 1951 § 83 provided in pertinent part:
"... The failure to make and record such an agreement, or to file such an action within one year and record the judgment in due course thereafter, and in any event within three years from the effective date of this Act, shall bar the husband or wife whose title or interest does not appear of record, or who is not separately in possession of the property, from any claim or interest in the property as against third persons

*Hiskett* operated as a complete bar of any claim or interest one could previously assert in spousal [community] property. The legislation clearly operated to affect rights rather than just the remedy.[13]

■ The fact that the savings clause in the securities law, 71 O.S.Supp.1959 § 503 [14]—which provided that "prior law exclusively governs all suits" accruing prior to the effective date of the Act—came to be repealed in 1980 cannot be viewed as indicative of a legislative intent that the 1980 amendment of § 408(e) operate prospectively only. Enacted in 1959 as a part of the original statute, the savings provision was necessary to prevent the Securities Act from offending our fundamental law by barring pending claims.[15] The original savings clause that accommodated existing claims by affording a viable limitation period for their vindication was constitutionally necessary.

Because it was later no longer necessary to meet constitutional objections, the savings provision came to be repealed in 1980. Its re-enactment in the 1980 amendatory act would have introduced an element of confusion. The absence of a savings clause cannot hence be construed in any manner other than as an indication of intent to apply the amended statute to all then-existing claims and as an expression of the legislative will to replace the earlier two-year limitation period with a new three-year bar.

Oklahoma must join those jurisdictions which recognize that, absent explicit language to the contrary, amendments enlarging a limitation period under securities laws should be extended to those pre-existing claims which are not time-barred at the time of the amendatory enactment's passage.[16] Because securities laws are designed to protect the public, uniformity in

acquiring any interest therein. After three years from the effective date of this Act, no action or proceeding of any character shall be brought to establish or recover an interest in property based upon the terms of the Act repealed ... "

**13.** For a distinction between lapse of time that operates to extinguish a right and lapse of time which affects merely the remedy, see Opala, *Praescriptio Temporis* and its Relation to Prescriptive Easements in the Anglo-American Law, 7 Tulsa L.Rev. 107–110 [1971].

**14.** The terms of 71 O.S.Supp.1959 § 503 provide:

"Title 71, Oklahoma Statutes, 1951, is hereby repealed subject to the following limitations:

(a) Prior law exclusively governs all suits, actions, prosecutions, or proceedings which are pending or may be initiated on the basis of facts or circumstances occurring before the effective date of this act, except that no civil suit or action may be maintained to enforce any liability under prior law unless brought within any period of limitation which applied when the cause of action accrued and in any event within two years after the effective date of this act.

(b) All effective registrations under prior law, all administrative orders relating to such registrations, and all conditions imposed upon such registrations remain in effect so long as they would have remained in effect if this act had not been passed. They are considered to have been filed, entered, or imposed under this act, but are governed by prior law.

(c) Prior law applies in respect of any offer or sale made within one year after the effective date of this act pursuant to an offering begun in good faith before its effective date on the basis of an exemption available under prior law.

(d) Judicial review of all administrative orders as to which review proceedings have not been instituted by the effective date of this act are governed by section 409, except that no review proceeding may be instituted unless the petition is filed within any period of limitation which applied to a review proceeding when the order was entered and in any event within sixty days after the effective date of this act."

The repealer of § 503 was effected by Okla. Sess.L.1980, c. 68 § 1, p. 115.

**15.** *Magnolia Petroleum Co. v. Watkins*, supra note 6, 57 P.2d at 624; *City of Norman v. Liddell*, Okl., 596 P.2d 879, 882 [1979].

**16.** *Morton v. Tullgren*, 263 Ark. 69, 563 S.W.2d 422, 424 [1978]; *Cannon v. Johnson, Lane, Space, Smith & Co., Inc.*, 460 F.Supp. 724, 727 [U.S.D.C. S.C.1978].

Our holding herein is not inconsistent with the pronouncement in *First Nat. Bank of Pauls Valley v. Crudup*, Okl., 656 P.2d 914, 916 [1983]. There, we dealt with an enactment that operated to abridge a limitation period governing foreclosure of certain mechanic's or materialmen's liens. We held that a lien statement filed pursuant to a statute then in existence constituted a "proceeding begun" whose limitation the legislature could not shorten by an after-enacted statute without offending Art. 5 § 54, Okl.Const. The amendment here under consideration clear-

their application constitutes a desirable objective to follow.

LAVENDER, HARGRAVE, WILSON and KAUGER, JJ., concur.

SIMMS, V.C.J., concurs in result.

BARNES, C.J., and HODGES, J., dissent.

ly was not intended to, and does not, affect *any*   existing rights in a "proceeding begun".