**Harold BAKER, Petitioner,**

v.

**C–E NATCO, Transportation Insurance Company, and Workers' Compensation Court, Respondents.**

**No. 66834.**

Court of Appeals of Oklahoma, Division No. 2.

March 10, 1987.

Rehearing Denied April 27, 1987.

Certiorari Denied June 2, 1987.

Bryce A. Hill, Frasier & Frasier, Tulsa, for petitioner.

Arthur H. Adams, Sanders & Carpenter, Tulsa, for respondents.

MEANS, Presiding Judge.

Worker appeals the decision of the Workers' Compensation Court which found that his claim was barred by the statute of limitations. Having reviewed the record and applicable law, we reverse and remand.

Worker retired from Employer C–E Natco on April 15, 1983. On November 6, 1985, Worker filed his claim for compensation, alleging a cumulative effect hearing loss due to noise exposure while working for Employer. Employer asserted that Worker's claim was barred by the statute of limitations found in 85 O.S.Supp.1986 § 43(A), which became effective November 1, 1985, and provides in part:

> Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure.

Prior to the 1985 amendments, claims for compensation for cumulative effect injuries such as Worker's, were governed by 85 O.S.1981 § 43, as well as the "awareness doctrine" as enunciated in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okla.1976). Under *Munsingwear* the court established that a cumulative effect accident did not "occur" until the time of a worker's awareness or discovery of the defect or ill effect. Furthermore, the worker must be aware that this defect or ill effect is causally connected to his employment. *Id.* at 903.

The sole issue for this court on appeal concerns whether Worker's claim for compensation was governed by the 1985 amendments to section 43(A) or by the previous statute of limitations and its interpretation in *Munsingwear*. We do not reach the issue of Worker's awareness of the injury because the trial court improperly applied the 1985 amendment to determine that the claim was barred.

In our opinion, the 1985 amendment under consideration could not affect Worker's rights to compensation. The right to compensation and the obligation to pay such benefits are vested and become fixed by law at the time of the injury. *Apple v. State Insurance Fund,* 540 P.2d 545, 547 (Okla.1975). A compensation claim is controlled by the laws in existence at the time of the injury and not by laws enacted thereafter. *Caswell v. Bird,* 160 Okla. 224, 16 P.2d 859 (1932). A worker's right to compensation is determinable by the laws in force when the injury was sustained, notwithstanding a subsequent amendment to the law. *Lee Way Motor Freight, Inc. v. Wilson,* 609 P.2d 777, 779 (Okla.1980).

In *Magnolia Petroleum Co. v. Watkins,* 177 Okla. 30, 31, 57 P.2d 622, 623 (1936), our supreme court established the rule relating to changes in statutes of limitations involving workers' compensation in the following:

The general rule is that the right of an employee to compensation arises from the contractual relation existing between him and his employer on the date of the injury, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties, and that no subsequent amendment which has the effect of increasing or diminishing the amount of compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed.

In the instant case, Worker's rights were fixed at the time of his injury and governed by the limitations period in effect at that time. Even in the absence of the awareness rule, Worker's last date of exposure to noise was April 15, 1983, the date he retired. Even if Worker had been aware of his injury on that day, and there is no such finding by the trial court, Worker's cause of action would be governed by the former limitation period and the awareness rule.

As the *Magnolia Petroleum* court noted, a statute of limitations may undoubtedly affect actions which have already accrued as well as those which accrue after its passage. Whether the statute affects previously accrued actions will depend on the language of the statute and the legislative intent. However, the court noted that it will be presumed that the legislature did not intend for a statute to have the effect of absolutely barring an action which has accrued and then becomes barred with the passing of the statute. Such an intent is unconstitutional. 177 Okla. at 32–3, 57 P.2d at 625.

In the instant case, Worker's claim for compensation cannot be barred by the 1985 amendment. The cause is reversed and remanded for a new trial using the previous limitation period of section 43.

BACON, J., concurs in result, and REIF, J., concurs specially.

REIF, Judge, specially concurring.

I concur that the trial court improperly applied the amended statute of limitations, 85 O.S.Supp.1986 § 43(A), which became effective November 1, 1985, as a bar to the compensation claim in question. Due to the peculiar nature of cumulative effect injuries, my conclusion is grounded in the continued applicability of the "awareness doctrine."

*Magnolia Petroleum Co. v. Watkins,* 177 Okla. 30, 32–3, 57 P.2d 622, 625 (1936), states that there is a presumption that the legislature did not intend a revision in the statute of limitations to have the effect of barring an action which has *accrued.* As pointed out in *Loyal Order of Moose, Lodge 1785 v. Cavaness,* 563 P.2d 143, 146 (Okla.1977), a cause of action *accrues* at the moment the party owning it has a right to sue. This case further declares that a true statute of limitations works on the remedy rather than the right and governs the time within which a legal proceeding must be instituted *after a cause of action accrues.* The right to sue in workers' compensation arises from an injury. However, a cumulative effect injury is deemed to have "occurred" for purposes of the statute of limitations upon awareness of the physical defects, and their relationship to employment.

The authority cited by the majority states that the right to compensation is governed by the law at the time of the injury or in force when the injury was sustained. The difficulty in summarily applying this rule on a pre- and post-amendment basis, lies in the fact that a cumulative effect injury is most often *sustained* during the entire period of employment, but the right to sue does not *accrue* until the worker is aware the employment produced the cumulative effect injury. Such awareness can arise either during or after employment. An added dimension of difficulty is present, because it is virtually impossible to pinpoint *when,* during any period of employment the cumulative effect injury was sustained.

For example, consider the case of a worker whose employment began September 1, 1985, and ended December 31, 1986, but who did not become aware until January 31, 1987, of a cumulative effect injury as a result of this work. Under this hypothetical, the worker *sustained* his cumulative effect injury over a period of employment that extends both before and after the effectiveness of the 1985 amendment. The law of limitations at the time of his injury or in effect when his injury was sustained is *both* the pre- and post-amendment statute of limitations. But when does his cause of action *accrue* from which the operation of either statute should be measured? It is clear that the rule of accrual which was in effect *when he commenced* his employment was the awareness doctrine. In my view, the critical law that became fixed in the parties' employment rights is that which governs when a cause to enforce those rights accrues, and not simply the procedural statute of limitations. By constitutional mandate, the legislature cannot impair such essential contractual rights regardless of whether they rest on express terms or are implied by the law at the time of execution. Okla. Const. art. 2, § 15.

Focus upon the effective date of the amendment in question and characterizing the two statutes of limitations as either pre-amendment and post-amendment rights is logical but too narrow an analysis. While I agree it furnishes a clue to the time period to be applied *after* the cause accrues, it does not tell us *when* that critical time arises. In the case of a cumulative effect injury that arose during a period of employment that commenced prior to the effective date of the amendment in question, "awareness" is the test for fixing accrual of workers' compensation rights, regardless of whether such awareness occurred before or after the termination of employment, or before or after the effectiveness of the amendment. Once awareness is established, it is only then that *any* statute of limitations can begin to operate as a bar to the remedy of benefits.

It remains for the supreme court or other tribunal in a proper case to decide when a cause accrues for cumulative effect injuries arising from employment periods beginning after the effective date of the 1985 amendments. Since such is not the case before us, it is unnecessary to attempt a further construction of the 1985 amendments.