2002 OK CIV APP 119

**Donald CUNNINGHAM, Petitioner,**

v.

**OKLAHOMA DEPARTMENT OF COR-RECTIONS and the Workers' Compensation Court, Respondents.**

No. 97,731.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 31, 2002.

Pamela K. Morgan, Jack G. Zurawik, P.C., Tulsa, OK, for Petitioner.

Chad R. Whitten, the Whitten Law Firm, Tulsa, OK, for Respondent Oklahoma Department of Corrections.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 Donald Cunningham was injured by a needle stick he sustained June 24, 1997, while employed by the Department of Corrections (DOC). He filed his Form 3 (claim) July 8, 1997. On November 1, 1997, the time in which a worker had to prosecute his claim changed from five to three years. On December 26, 2001, DOC filed a motion to dismiss Cunningham's claim for failure to timely prosecute the claim. The Workers' Compensation Court granted the motion to dismiss. We sustain.

¶ 2 A Form 3 initiates a claim for workers' compensation benefits. Title 85 Supp.1994 § 43(B) allowed a claimant five years from the time of filing his Form 3, or from the date of last payment of compensation or wages in place thereof, to request a hearing and final determination of his claim. Section 43(B) was amended and the time for prose-

cuting the claim shortened from five years to three years, effective November 1, 1997.[1]

¶ 3 Cunningham suffered an on-the-job injury while employed by DOC. He stated that while he was helping a doctor, he received a needle stick in his leg. He also claimed psychological overlay.

¶ 4 The record consists of the following documents:

1. July 8, 1997—Form 3

2. July 31, 1997—Entry of Appearance for DOC

3. September 25, 1997—Form 10 (Answer of DOC admitting claimant stuck with needle while on the job)

4. November 4, 1997—Form 9 (Claimant's Motion to Set for Trial)

5. December 8, 1997—unfiled Prehearing Conference Docket

6. December 11, 1997—Form 10 (Answer of Respondent with notation of intention to introduce blood test dated August 10, 1997)

7. January 7, 1998—Form 10 stating results of blood test attached (attachment not in record)

8. January 21, 1998—unfiled Temporary Total Disability hearing statement with notation "Take no action—New Form 9 must be filed"

9. September 23, 1998—Form 10, listing a witness

10. November 30, 2001—Form 9 (Claimant's Motion to Set for Trial requesting periodic blood testing for hepatitis and HIV as issue to be tried)

11. November 30, 2001—Form 13 (Claimant's Request for Prehearing Conference)

12. December 26, 2001—Form 13 (Respondent's Motion to Dismiss per 85 O.S. § 43(B) with Brief in Support of Motion to Dismiss)

13. Claimant's Response to Motion to Dismiss.

14. April 26, 2002—Order Dismissing the Claim

¶ 5 The trial court found that DOC had denied the claim from the outset and had not paid Cunningham anything in connection with the claim. The order further stated that when the matter came up for trial, January 21, 1998, no action was taken and the matter was stricken for the filing of a new Form 9. The order also noted that a Form 9 was filed November 30, 2001 and that DOC responded with a Form 13 Motion to Dismiss pursuant to 85 O.S. § 43. The court asked for briefs which the parties submitted.

■ ¶ 6 The determinative question is which time limitation for prosecution of a claim applies: the one in effect at the time of injury or the one later enacted, but while the claim was still alive.[2]

■ ¶ 7 In general, a " . . . compensation claim is controlled by the laws in existence at the time of the injury and not by laws enacted thereafter." *Baker v. C–E Natco*, 1987 OK CIV APP 18, ¶ 5, 737 P.2d 955, 957. The Baker Court cited *Magnolia Petroleum Co. v. Watkins*, 1936 OK 372, 57 P.2d 622, 623 (1936), for the general rule that the right of an employee to compensation is governed by the law on the date of injury controls, "and that no subsequent amendment which has the effect of increasing or diminishing the amount of compensation recoverable can op-

1. 85 O.S. Supp.2001 § 43(B):

B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder.

\* \* \*

85 O.S. § 43 was again amended in 2001, but § 43(B) was unchanged.

2. Claimant also attempts to raise an issue of fact in his appellate brief which was not presented to the trial court. On appeal, he claims that the blood-test was paid by DOC, apparently in an attempt to extend the limitation period. The trial court found that he had not been compensated and the record does not contain evidence to refute this.

erate retrospectively to affect in any way the rights and obligations prior thereto fixed." In the instant case, we are not dealing with an amendment that increases or diminishes compensation nor is there an issue as to the right to compensation based upon the employment relationship. Rather, the issue is the procedural matter of how long can a case be pending without hearing. The Oklahoma Supreme Court held, in *Marley Cooling Tower Company v. Cooper*, 1991 OK 62, 814 P.2d 472, that when a limitation period (in this case, time in which to file a claim) whose time had not expired at the time of the enactment of a new limitation period, then the claimant had, at a minimum, the new limitation period from the date of the effective date of the amended law. The Supreme Court held that a defendant does not have a vested right in a statute of limitations until the statute actually bars the claim. As a result, the statute of limitations could be extended as long as the claim was still alive.

¶ 8 Although *Marley Cooling Tower Company* dealt with extending a limitation period, to two years rather than one year to file, which was the law at the time of injury, the Supreme Court's reasoning must apply to the facts at hand as well. That is, a claimant has no vested right to a 5 year period to request a hearing so long as when the period is shortened, the claim is not extinguished by the shortened period. This would be similar to the notion that once a trial has been set on a particular day in the future, neither side has a vested right in that trial date, so that the trial date could not be extended or shortened. It is clear that a court has the discretion to change a trial date, subject to normal abuse of discretion, ie. prejudice to the parties, rules. There is no argument that Cunningham could not have requested hearing within the three year period after the effective date of the amendment.

¶ 9 The Supreme Court stated in *Marley:*

Further, insofar as a statute of limitation affects rights of action *in existence* when it becomes effective, in the absence of a contrary provision, a new limitation period covering a claim begins to effect the claim when it is first subjected to the new statute's operation. [Citation omitted.] Such has been the law in this jurisdiction since at least 1896.

814 P.2d at 475.

¶ 10 The amendment providing three years in which to prosecute a claim became effective November 1, 1997. There was no action on Cunningham's claim between November 4, 1997 and November 30, 2001. Therefore, assuming the amendment gave a claimant three years from the effective date of the amendment, the time limit would have expired November 1, 2000, more than one year before Cunningham filed his Form 13.

¶ 11 We hold that because Cunningham's time in which to prosecute his claim had not expired at the time of the amendment which shortened the period, the amount of time to request a hearing was governed by the new time limitation. The trial court properly dismissed the claim for failure to prosecute within three years.

SUSTAINED.

JOPLIN, V.C.J., dissents, and JONES, J., concurs.