2003 OK 81

**Regina COLE, Petitioner,**

v.

**SILVERADO FOODS, INC., Travelers Insurance Co., and The Workers' Compensation Court, Respondents.**

**No. 98,150.**

Supreme Court of Oklahoma.

Oct. 7, 2003.

Susan H. Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

H. Grady Parker, Jr., Looney, Nichols & Johnson, Oklahoma City, OK, for Respondents.[1]

OPALA, V.C.J.

¶1 The issue on certiorari is whether the provisions of 85 O.S. Supp.1997 § 43(B), which were enacted during the claim's pendency and whose terms shorten from five to three years the period within which unadjudicated elements of a compensation claim must be pressed for resolution before they

1. Identified herein are only those counsel for the parties whose names appear on the certiorari briefs.

2. The record shows that Cole filed, on 20 December 2001, a second Form 9, her request for a hearing upon permanent partial disability and medical maintenance. The trial transcript shows Cole received medical treatment but no temporary disability benefits.

3. The terms of 85 O.S. Supp.1997 § 43(B) provide:
 "B. When a claim for compensation has been filed with the Administrator as herein provid-

stand barred by lapse of time, govern this case. We answer in the negative.

## I.

## ANATOMY OF THE LITIGATION

¶2 On 22 July 1997 Regina Cole (Cole or employee or claimant) filed two workers' compensation claims, alleging two separate job-related injuries, sustained while she was employed by Silverado Foods. Silverado and its insurance carrier, Travelers Insurance Co. (collectively Silverado or employer), timely filed their answer and tendered a pretrial stipulation on 8 September 1997. Silverado admitted that Cole had suffered an accidental injury for which medical treatment was provided but denied temporary total disability benefits because she had not lost any time at work. Cole took no other steps in the case until four years later when she filed, on 5 October 2001, a request for a hearing to determine permanent partial disability and medical maintenance.[2] Cole's claim was scheduled for a hearing on 14 March 2002.

¶3 Silverado invoked the provisions of 85 O.S. Supp.1997 § 43(B)[3]—the after-enacted legislation that shortens the time span for a request to adjudicate the unrecovered elements of a pending workers' compensation claim—and moved for dismissal. The motion met with denial, and Cole was awarded permanent partial disability but no medical maintenance. On Silverado's appeal, a three-judge panel ruled the claim was time-barred by the amended provisions invoked by the employer and denied Cole's claim. Cole sought review. The Court of Civil Appeals (COCA), Division IV, vacated the panel's order. It declared the after-enacted § 43(B)

ed, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. * * *"

provisions do not apply to a proceeding filed prior to the effective date of the amendment and remanded the claim to the three-judge panel with directions to reinstate the trial judge's award. Silverado's certiorari paperwork brings to our attention a published opinion by another COCA division, *Cunningham v. Oklahoma Dept. of Corrections,*[4] which holds the § 43(B) amendment governs a claim's disposition when enacted during its viable period of pendency. We granted certiorari to settle this interdivisional conflict and to provide guidance by a precedential pronouncement.

## II.

### THE PARTIES' RESPECTIVE POSITIONS ON CERTIORARI

¶ 4 When Cole's compensation claim[5] was filed on 22 July 1997, the statutory law then in effect, 85 O.S. Supp.1994 § 43(B),[6] allowed a claimant five (5)years after filing a claim to request a hearing for its complete adjudication. Section 43(B) was amended, effective 1 November 1997,[7] by a text that shortened the request-time span to three (3) years. Cole's claim was pending when the amended

---

4. *Cunningham v. Oklahoma Dept. of Corrections,* 2002 OK CIV APP 119, 60 P.3d 527.

5. Cole's two claims had been consolidated for hearing by the trial tribunal's 21 November 1997 order.

6. The text of 85 O.S. Supp.1994 § 43(B) provides:
 "B. When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of last payment of compensation or wages in lieu thereof, same shall be barred as the basis of any claim for compensation under the Workers' Compensation Act and shall be dismissed by the Court for want of prosecution, which action shall operate as a final adjudication of the right to claim compensation thereunder. * * *"

7. For the terms of 85 O.S. Supp.1997 § 43(B) see *supra* note 3.
 Because Cole was injured shortly before the amended § 43(B) provisions became effective, she had almost the full three-year period to request adjudication of permanent partial disability. She sought final determination a little over a

---

provision took effect. The 1997 amendment is silent with respect to its effect upon filed claims whose adjudicatory periods have not yet lapsed. Simply stated, the question before us is which request-time limit governs Cole's claim? If the pre–1997 § 43(B) statute is applicable to today's controversy, Cole's claim must be allowed to survive. Under the amended version of 1997, the unadjudicated elements of Cole's claim stand extinguished for her failure to press for adjudication of unrecovered benefits within the statutory three-year period.

¶ 5 Silverado relies upon *Cunningham,* the COCA, Division I, decision, which holds the amended terms of § 43(B) are applicable to a claim pending and unextinguished at the time of the amendatory enactment's effective date.[8] *Cunningham* teaches a workers' compensation "claimant has no vested right" in a five-year period during which a hearing may be requested so long as at the effective date at which the period is shortened the claim is not extinguished by the lapse of the shortened period.[9] Silverado also urges the 1997 version of § 43(B) *impacts solely matters of procedure and does not affect any substan-*

---

year after the three-year period expired and approximately nine months before the five-year period would have lapsed.

8. *Cunningham, supra* note 4, at ¶ 11, at 528.

9. In *Cunningham,* COCA, Division I, perceived it was dealing with neither an amendment that increases or diminishes compensation nor any right to compensation based on the employment relationship. Rather it regarded the issue as purely procedural. It applied the reasoning employed in *Marley Cooling Tower Co. v. Cooper,* 1991 OK 62, 814 P.2d 472, which dealt with a statutory amendment that extended the time to *file a claim* prior to expiration of the limitations period in existence at the time of the injury. *Marley* teaches that a "defendant does not have a vested right in a limitations period" until the statute actually bars the claim. (Citing *Trinity, infra* note 10, at ¶ 8, at 1366.) Thus when the time to file a claim has not expired at the time of the enactment of a new limitations period, a claimant has, at minimum, the new limitations period from the effective date of the amended law. COCA applied *Marley's* reasoning and ruled that "a claimant has no vested right to a five-year period to request a hearing" so long as when the period is shortened the claim is not extinguished by the shortened period.

*tive rights.* Because it affects solely the employee's remedy and not her rights, it may be given retrospective application.[10]

¶ 6 Cole urges *first* that § 43(B) is not a statute of limitations but rather one of repose. It is not subject to retroactive application of amendatory enactments. She also asserts the statute affects more than mere matters of procedure. Once a claim is filed, she contends, the claimant's rights are established. Any change in the law affecting those rights must be regarded as substantive in nature and protected from legislative interference by the provisions of Art. 5 § 54, Okl. Const.[11] Because § 43(B) impacts a claimant's right, and not just her remedy, it is solely prospective in its application.[12] According to Cole, the amended version of § 43(B) may have no impact on this controversy.

### III.

### SECTION 43(B) OPERATES ON FIXED RIGHTS AND OBLIGATIONS. THE PROVISIONS OF ART. 5 § 54, OKL. CONST., AND EXTANT JURISPRUDENCE SHIELD AN EMPLOYEE'S SUBSTANTIVE RIGHT FROM EXTINGUISHMENT BY AFTER–ENACTED LEGISLATION.

██ ¶ 7 The right of an employee to compensation arises from the contractual relation between the employee and employer on the date of injury.[13] The statute then in effect forms a portion of the contract of employment and determines the substantive rights and obligations of the parties.[14] *No subsequent amendment that has the effect of increasing or diminishing the amount of compensation recoverable can operate retrospectively to affect any accrued rights and fixed obligations.*[15]

██ ¶ 8 Oklahoma's fundamental law and extant jurisprudence provide a comprehensive scheme that governs the application of repealed and amended legislation to existing legal claims. To clarify legal terms of art which, over time, have become clouded, we turn first to an examination of jurisprudential teachings that deal with the impact of after-enacted changes. Absent a plain legislative intent to the contrary, statutes are generally presumed to operate prospectively only.[16] Legislation that is general in its terms and impacts only matters of procedure is presumed to be applicable to all actions, even those that are pending.[17] Statutes that relate solely to remedies and hence affect only modes of procedure—*i.e., enactments which do not create, enlarge, diminish, or destroy accrued or contractual rights*—are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights).[18]

10. Silverado cites *Trinity Broadcasting Corp. v. Leeco Oil Co.*, 1984 OK 80, ¶ 6, 692 P.2d 1364, 1366, for the proposition that statutes affecting solely procedure (as distinguished from those that impact substantive rights) may be applied retroactively.

11. The text of Art. 5 § 54, Okl. Const., provides:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

12. *Trinity, supra* note 10, at ¶ 6, at 1366.

13. *Magnolia Petroleum Co. v. Watkins*, 1936 OK 372, ¶ 14, 57 P.2d 622, 625–26, 177 Okl. 30. *Magnolia* teaches the State Industrial Commission (now Workers' Compensation Court) is not barred from re-opening a claim (based upon an employee's assertion of change in condition) by after-enacted legislation that limits the time for invoking this remedy.

14. *Magnolia, supra* note 13, at ¶ 5, at 623.

15. *Magnolia, supra* note 13, at ¶ 5, at 623; *Knott v. Halliburton Services*, 1988 OK 29, ¶ 4, 752 P.2d 812, 813–14. In *Knott* we refused to apply retroactively an amendment that would have taken away the element of tolling time on claims for injuries that occurred prior to the amendatory change.

16. *Trinity, supra* note 10, at ¶ 6, at 1366; *Thomas v. Cumberland Operating Co.*, 1977 OK 164, ¶ 4, 569 P.2d 974, 976.

17. *Thomas, supra* note 16, at ¶ 4, at 976.

18. *Thomas, supra* note 16, at ¶ 4, at 976; *Knott, supra* note 15, at ¶ 4, at 813–14 (citing *Magnolia, supra* note 13, at ¶ 5, at 623).

¶ 9 Statutes of limitations[19] are viewed as procedural rather than of substantive-law nature. They affect the claim's remedy and not the right itself.[20] No rights vest in their length until a claim comes to be barred by a statute which governs it.[21] Insofar as a statute of limitations does affect causes of action in existence when it becomes effective, in the absence of a contrary provision, the statute begins to affect rights in existence when the cause of action is first subjected to its operation.[22]

¶ 10 *Not every statutorily-enacted time limit constitutes a statute of limitations.* Although at first blush § 43(B) appears to bear some characteristics of limitations, it does not qualify for inclusion in that rubric.[23] A salient distinction between limitations and other time-anchored restrictions is that the former operate exclusively on the time to *bring* an action. In contrast, today's temporal restriction *operates on unrecovered elements of a pending claim. It fashions a liability-defeating defense against recovery of unadjudicated benefits.* Defenses against a claim create accrued rights.[24]

¶ 11 The dispositive question to be answered here is whether the *1997 amendment represents more than a mere procedural reform*—one that intrudes upon claimant's substantive rights. If so, it must be given purely prospective application and may have no effect upon this claim. Our analysis of this query compels us to conclude that § 43(B) indeed operates *to impact the rights* in Cole's claim. We hence hold that the

---

**19.** A statute of limitations establishes a time limit for bringing a civil action, based on the date when the pressed claim accrued. See *infra* note 23 for an explanation of statutes of limitations.

**20.** *Trinity, supra* note 10, at ¶ 8, at 1366–67.

**21.** *Trinity, supra* note 10, at ¶ 8, at 1366–67 (citing *Mires v. Hogan,* 1920 OK 308, ¶ 9, 192 P. 811, 818, 79 Okl. 233); *Marley, supra* note 9, at ¶ 8, at 475.

**22.** *Trinity, supra* note 10, at ¶ 8, at 1366 (citing *Magnolia, supra note* 13, at ¶ 5, at 623); *Marley, supra* note 9, at ¶ 9, at 475.

**23.** While I joined the court's opinions in *White v. Weyerhaeuser Co.,* 1990 OK 98, 798 P.2d 623, and *Matter of Hendricks,* 1991 OK 52, 812 P.2d 1361, and concurred in part in *Ellington v. Horwitz Enterprises,* 2003 OK 37, 68 P.3d 983, I am not unmindful that the court at times inadvertently referred to the statutory language we deal with here, that in § 43(B), as a "statute of limitations" or "limitations period."

The common-law system recognizes two time bars that are conceptually distinct: (1) the "pure" or "true" statute of limitations that measures the time within which an action must be brought, and (2) a *time limit that conditions the exercise of a right,* which extinguishes the right as well as the remedy. When a pure statute of limitations expires, merely the remedy is extinguished. Lapse of time prescribed by the other category—that which so specifically attaches to the substantive claim that it must be construed as its element or condition upon the right—operates to extinguish the right as well as the remedy. It may also transfer an interest lost by time lapse. The latter time bars do not just destroy the claim but may also confer a new right on one who invokes the benefit of the lapse. The second category of temporal limits comes to us from the Roman-law doctrine of prescription, while the first category developed from the common-law's right/remedy dichotomy. It is this dichotomy that accounts for the difference between these two time-lapse categories. *Estate of Speake,* 1987 OK 61, ¶¶ 12–14, 743 P.2d 648, 652–53.

Employee's assertion that § 43(B) is a statute of repose is erroneous. A statute of repose bars a suit a fixed number of years after the defendant acts in some manner (generally in the design or manufacture of a product), even if the repose period ends before a plaintiff suffers injury. Although statutes of repose and statutes of limitations bear some similarities to one another, each also possesses distinct characteristics. While both are designed to provide repose for a defendant, a statute of limitations places a limit on a plaintiff's time to bring an action. After the prescribed time period has lapsed, a statute of limitations extinguishes the remedy for the redress of an accrued cause of action. This is not so with a statute of repose. *The latter bars potential liability by limiting the time during which a cause of action may arise.* It serves to bar a claim even before it accrues. A statute of limitations will punish those who sleep on their rights, while a statute of repose will bar recovery, despite a plaintiff's diligent efforts to assert the claim. *Smith v. Westinghouse Elec. Corp.,* 1987 OK 3, ¶ 6, n. 11, 732 P.2d 466, 468–69, n. 11; See also Black's Law Dictionary, 1423 (7th ed.1999).

**24.** An accrued right is a right that is ripe for enforcement; a matured right. *In re Bomgardner,* 1985 OK 59, ¶ 11 n. 22, 711 P.2d 92, 96 n. 22; *Mid–Continent Casualty Co. v. P & H Supply, Inc.,* 1971 OK 135, ¶ 16, 490 P.2d 1358, 1361; *Barry v. Board of County Commissioners,* 1935 OK 701, ¶ 7, 49 P.2d 548, 549, 173 Okl. 645, syl. 3.

amended provisions of § 43(B) may not be invoked as a defense against this controversy.

¶ 12 Section 43(B) is much more than a remedial enactment. By the lapse of the § 43(B) time interval *claimant is not merely deprived of a remedy but rather suffers the loss of right to press for unrecovered benefits.* This is so because the after-enacted provisions of § 43(B) diminish an employee's right to unadjudicated elements of a claim which constitute a portion of statutorily "recoverable compensation." [25] The employer, on the other hand, may invoke the very same time lapse to defeat its own statutory liability for unadjudicated benefits. *This distinction alone serves to demonstrate that § 43(B) is not a statute of limitations but has a substantive-law impact that makes its time limit a right-destroying device or a liability-defeating defense against the unrecovered residue of the claim. In its wake the claimant's loss is final and irretrievable. No other remedy will lie for the recapture of a claim's residue extinguished by the operation § 43(B).*

 ¶ 13 Section 43(B) stands as an employer's liability-defeating defense against an employee's untimely quest for permanent disability's adjudication. A statutory defense constitutes an accrued right. [26] To modify one's defense against a claim changes its character and potency. That change decreases here the time period from five to three years during which an employer may extinguish its liability. Retroactive application of § 43(B) would make the employer's defense much more extensive than it stood at the time the claim was brought. The amendment also affects the merits [27] of Cole's claim. She would have to confront a different defense. Because the amendment refashions § 43(B) into a different and more extensive liability-defeating mechanism, it destroys the claimant's right to present her claim free from being subjected to new and more extensive instruments of destruction. Inasmuch as the amended version of § 43(B) operates here on rights in existence, its terms are subject solely to prospective application.

¶ 14 We now turn to examine the State's fundamental law's impact upon today's controversy. The terms of Art. 5 § 54, Okl. Const., protect from legislative extinguishment by retroactive enactments "accrued" rights acquired or "proceedings begun" under a repealed or amended statute. [28] The latter-quoted term refers to "essential steps or measures to invoke, establish or vindicate a right." [29] Because the timely filing of a workers' compensation claim undoubtedly establishes an initial step within the meaning of "proceedings begun" in Art. 5 § 54, [30] the terms of the statute in effect at the time the claim is filed are constitutionally shielded from invasion by after-enacted legislation.

¶ 15 After-enacted legislation that *increases or diminishes* the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities. [31] Retroactive application of the amended § 43(B) provisions would materially abridge an employee's right to press for unrecovered elements of a claim. [32] Be-

25. *Magnolia, supra* note 13, at ¶ 5, at 623.

26. *Supra* note 24.

27. Merits are the elements or grounds of a claim or defense. BLACK'S LAW DICTIONARY, 1003 (7th ed.1999).

28. For the complete text of Art. 5 § 54, Okl. Const., see *supra* note 11.

29. *First Nat. Bank of Pauls Valley v. Crudup*, 1982 OK 132, ¶ 5, 656 P.2d 914, 916.

30. Today's decision—that the filing of a workers' compensation claim falls within the Art. 5 § 54 definition of "proceedings begun"—is consistent with our holding in *Crudup, supra* note 29. There

we declared that a filed lien statement constitutes an accrued right within the meaning of the term "proceedings begun."

31. *Knott, supra* note 15, at ¶ 5, at 813–14; *Magnolia, supra* note 13, at ¶ 5, at 623.

32. We note that our recent decision in *Ellington, supra* note 23, in no way conflicts with today's holding. *Ellington* dealt with the question of what constitutes a good faith request for a hearing and final determination of a workers' compensation claim in accordance with the terms of 85 O.S. Supp.1997 § 43(B). There the amended three-year restriction was not challenged as unreasonably short. We hence applied the 1997 amended version of § 43(B) in answer to the query posed. *Ellington,* at ¶ 8, at 985.

cause these elements comprise a part of recoverable compensation, they constitute matured rights. They are hence not subject to change by after-enacted legislation. The statute in effect at the claim's filing, which affects the parties' substantive rights and liabilities, is shielded from amendatory change by the terms of Art. 5 § 54, Okl. Const. *Cunningham* must hence be, and hence is, overruled as an incorrect exposition of Oklahoma law.

## IV.

### SUMMARY

¶ 16 Today's controversy is over whether the provisions of 85 O.S. Supp.1997 § 43(B), the after-enacted legislation that shortens the time within which a request must be made to adjudicate unrecovered elements of a pending compensation proceeding, apply to this claim. The terms of Art. 5 § 54, Okl. Const., protect matured rights from the effects of after-enacted legislative change. The filing of a workers' compensation claim stands postured in the status of "proceedings begun" in accordance with Art. 5 § 54. The statute in effect at the time of the filing governs the claim's substantive law. It is unaffected by the impact of amendatory modification. Although § 43(B) appears to bear some characteristics of a statute of limitations, it does not qualify for inclusion in that legal rubric. It determines substantive rights and liabilities of the parties which attach after the claim's filing. After-enacted legislative amendments that affect the amount of recoverable benefits cannot operate retrospectively. Application of the amended § 43(B) would diminish the amount of compensation an employee may recover and would subject a claim to a liability-defeating defense that is more potent than that which was in effect when the claim was filed. The terms of 85 O.S. Supp.1997 § 43(B) (now 85 O.S.2001 § 43(B)), which operate on substantive rights, are hence not subject to retroactive application.

¶ 17 On certiorari previously granted, the Court of Civil Appeals' opinion and the three-judge panel's order are vacated. The trial judge's award is sustained.

¶ 18 HODGES, LAVENDER, HARGRAVE, SUMMERS and BOUDREAU, JJ., concur.

¶ 19 WATT, C.J. and KAUGER, J., concur in result.

¶ 20 WINCHESTER, J., dissents.