OSCN Found Document:HODARA v. OKLAHOMA DEPARTMENT OF CORRECTIONS

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HODARA v. OKLAHOMA DEPARTMENT OF CORRECTIONS
2025 OK 47
Case Number: 122630
Decided: 06/24/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 47, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

FRED HODARA, Plaintiff/Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS, Defendant/Appellee

OPINION

¶0 Appellant sued the Oklahoma Department of Corrections for alleged violations of the Open Records Act. The district court granted DOC's motion to dismiss. Appellant appealed, and this Court ordered that it proceed as an accelerated appeal from a motion to dismiss under Rule 1.36, Rules of the Oklahoma Supreme Court. We affirm the district court's decision.

ACCELERATED APPEAL PREVIOUSLY RETAINED
TRIAL COURT AFFIRMED

Brette Pena, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., for Fred Hodara.

Katie Wilmes, Lauren Ray, Oklahoma Attorney General Office, Oklahoma City, Oklahoma, for Oklahoma Department of Corrections

KUEHN, V.C.J.:

¶1 Appellant Hodara contends that the Oklahoma Department of Corrections (DOC) must, under the Open Records Act, produce material concerning the drugs used to execute persons convicted of capital crimes. DOC argues that it is specifically exempted from such production by statute. Hodara claims the statute is unconstitutional. We find that the statute is constitutional and affirm the district court.

Facts and Procedural History

¶2 On May 15, 2020, Appellant filed an Open Records Act request with DOC, asking for drug inventories, logs, and documents on drug quality testing and purchases. He followed this with a broader request in June 2020. 

¶3 Both parties filed motions for summary judgment. The trial court denied both motions, finding there were unresolved factual disputes. After this ruling, and while the case was still pending, the record reflects that the Oklahoma Attorney General's office requested that the Legislature amend Section 1015(B). The Legislature passed the amendment, which went into effect on April 20, 2024. In June 2024, DOC filed a second motion to dismiss based on the newly revised statutory language. This was granted on October 4, 2024. The order dismissing the case was based wholly on the amended statutory language. The trial court concluded that under the statute, Appellants could prove no set of facts to support the Open Records Act claim.

¶4 Appellant appealed from the October 4 Order, raising claims based on both the October ruling and the previous ruling in January. We determined that the appeal should proceed as an accelerated appeal pursuant to Rule 1.36, Okla. Sup. Ct. Rules, 12 O.S. App. 1, Ch. 1. In this accelerated appeal, we consider only Appellant's complaint which arose from the October 4, 2024 Order granting DOC's motion to dismiss for failure to state a claim. We do not consider any arguments which arose from the earlier January 25, 2024 Order denying Appellant's motion for summary judgment. Rule 1.36(c)(B), Okla. Sup. Ct. Rules, 12 O.S. App. 1, Ch. 1.

Standard of Review

¶5 The trial court dismissed Appellant's case because it concluded Appellant failed to state a claim. These dismissals are disfavored, and we review them de novo, to independently determine the application of the law. Guilbeau v. Durant H.M.A., 2023 OK 80533 P.3d 764Randle v. City of Tulsa et al., 2024 OK 40556 P.3d 612de novo. Oklahoma Dept. of Corrections v. Byrd, 2023 OK 97

¶6 We must interpret every statute to give effect to the legislative intent and purpose expressed in its language. Magnum Energy Inc. v. Bd. Of Adjustment for City of Norman, 2022 OK 26510 P.3d 818Hill v. American Medical Response, 2018 OK 57423 P.3d 1119Lee v. Bueno, 2016 OK 97381 P.3d 736

Analysis

¶7 Appellant claims the trial court erred in deciding to dismiss the case based on the amendments to Section 1015(B). He argues that the amendments do not apply retroactively; do not apply to all the requested records; and are unconstitutional under article V Section 52 of the Oklahoma Constitution. Appellant also claims DOC didn't meet its burden to show the amendments applied here.

Section 1015(B) exception to the Open Records Act

¶8 The Open Records Act (ORA) is designed to "ensure and facilitate the public's right of access to and review of government records. . . ." 51 O.S. § 24A.251 O.S. § 24A.222 O.S.2024, § 1015

¶9 When Appellant made his initial ORA request, the relevant portion of the confidentiality statute provided:

The identity of all persons who participate in or administer the execution process and persons who supply the drugs, medical supplies or medical equipment for the execution shall be confidential and shall not be subject to discovery in any civil or criminal proceedings.

22 O.S.2011, § 1015

¶10 The 2024 amendment revised this language:

The identity of all persons or entities who participate in or administer the execution process and persons or entities who produce or supply the drugs, medical supplies, or medical equipment for the execution shall be confidential and shall not be subject to discovery in any civil or criminal proceedings. The confidentiality requirement and discovery exemption required by this subsection shall be broadly construed and shall include but not be limited to any documents, records, photographs, or other information that the Director of the Department of Corrections determines may identify or reasonably lead directly or indirectly to the identification of any person or entity who participates in or administers the execution process or any person or entity who produces or supplies the drugs, medical supplies, or medical equipment for the execution. The confidentiality requirement and discovery exemption shall apply to records existing prior to, on, or after the effective date of this act.

22 O.S.2024, § 1015

¶11 Appellant claims that based on the pre-2024 language, under the ORA he was presumably entitled to the requested material. He admits that some of it might have been exempt but argues that all of it could not have been. He further argues that, given the trial court's ruling, the 2024 amendment creates a blanket exception to the ORA for all records related to executions. This is not the case.

Section 1015(B) does not exempt basic drug information

¶12 This Court has previously considered what material may or may not be available under Section 1015(B). In Lockett v. Evans, capital defendants sought to identify the drugs and dosages used in the execution process; in ruling that they were entitled to that information, the trial court found the previous version of the secrecy provision of Section 1015(B) was unconstitutional. This Court reversed, finding the ruling unnecessary. Lockett v. Evans, 2014 OK 34330 P.3d 488Id. Nothing in the 2024 amendment changes this analysis.

¶13 DOC does not claim that the drugs' identity or dosages are exempt under the statute. Complying with Lockett, DOC had already provided this information in discovery before filing its motion to dismiss based on the remainder of Appellant's requests. The information is also publicly available on the DOC website. Because DOC had already provided Appellant the drug names and dosages required under Lockett before the trial court's order dismissing the case, those materials do not fall within the trial court's ruling and are not at issue here.

The 2024 Amendment Did Not Expand the Scope of the Statute

¶14 The crux of Appellant's claim is his contention that the 2024 amendment to Section 1015(B) expanded the scope of the previous statute. He claims that, as a practical matter, the Legislature created a new exception to the ORA which removes his cause of action against DOC. We reject this argument.

¶15 Article 5, Section 52 of the Oklahoma Constitution prohibits the Legislature from taking away any cause of action, or destroying any existing defense, to a lawsuit pending at the time legislation is passed. Okla. Const, art. 5, § 52. In applying this, we determine whether the statute is substantive by nature, taking away a right, or procedural, affecting only a remedy. Anagnost v. Tomecek, 2017 OK 7390 P.3d 707quoting Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58807 P.2d 774Id. Any statute which completely bars "assertion of an interest"--a cause of action--is substantive. Id. Generally, unless even a procedural statute explicitly states it should be applied retroactively, we presume it will only be applied prospectively. Cole v. Silverado Foods, Inc., 2003 OK 8178 P.3d 542

¶16 Both parties rely on Anagnost. There, a doctor who had been disciplined by the Board of Medical Licensure sued the Board and other defendants for various torts based on the disciplinary action. In discovery, he sought a confidential file from the Board; although it was not discoverable, Anagnost became privy to its contents during the discovery process. Anagnost amended his suit based on information from the file. During the pendency of this suit the Legislature enacted the Oklahoma Citizens Participation Act (OCPA), which allowed a party to move to dismiss a lawsuit if the lawsuit related to or was in response to free speech. 12 O.S.Supp.2014, § 1432Anagnost, 2017 OK 7

¶17 As discussed above, Anagnost discussed the interplay between Section 52 and retroactivity. The OCPA itself did not mention retroactivity. And it literally barred causes of actions which were based on, related to, or responding to a party's exercise of First Amendment rights. 12 O.S.Supp.2014, § 1432Anagnost, 2017 OK 7

¶18 Anagnost does not resolve the question before us--did the 2024 amendment create a wholly new exception to the ORA? Did it take away a substantive right which existed under the previous version of Section 1015(B)? We find it did not. Appellant argues that the "right" of which he is deprived by the amendment is the right to access records under the ORA. However, by its own terms that right is not unlimited. The Legislature may specifically exempt a public body from the ORA access requirements by creating a confidential privilege. 51 O.S. 24A.2. And the version of Section 1015(B) in effect at the time Appellant made his ORA requests created such a specific confidential privilege, protecting the identity of persons or entities involved, broadly, in the execution process. Notably, the statute did not protect the names of the persons or entities involved. For example, identity may be derived from information about time, place, or activity, or from photographs. Under this language, information within DOC records would be protected to the extent it could lead to a protected identity.

¶19 The posture of this case is unusual because the Legislature apparently enacted the 2024 amendment in direct response to the discovery issues raised in this case in the district court. Appellant argues that fact proves that the Legislature intended to oblige DOC by removing any possible cause of action which had previously been available under the ORA. The new language of Section 1015(B) does not support this interpretation. Rather, the new language explains how to apply the previously enacted language; it operates as an expression of legislative intent.

¶20 First, the 2024 amendment directs that the confidential privilege "shall be broadly construed...." 22 O.S.2024, § 1015

¶21 Second, the 2024 amendment describes in more detail what kind of information could lead to identification protected under the privilege: "any documents, records, photographs, or other information. . . ." 22 O.S. 2024, § 1015(B). The plain language of the previous version of the statute said "identity", not "names". Had the Legislature wished to restrict the confidential privilege to names or other direct evidence of identity it could have done so. It did not. The new language is more specific, but it does not create a new exception.

¶22 Third, the 2024 amendment places the burden on the Director of the Department of Corrections to establish which records are protected. This directly aligns with the ORA requirement that, if an exception to the ORA is created by statute, the agency has the burden to establish which particular records are privileged under the statute. 51 O.S. § 24A.2

The 2024 Amendment May Be Applied Retroactively

¶23 The 2024 amendment provides that the Section 1015(B) confidentiality exemption "shall apply to records existing prior to, on, or after the effective date of this act." 22 O.S.2024, § 1015Frank Bartel Transportation v. State ex rel. Murray State College, 2023 OK 121540 P.3d 480

¶24 In addition to arguing that the 2024 amendment is substantive and cannot be applied retroactively, Appellant argues that the 2024 amendment may be retroactive only as to records existing before, during or after enactment of the amendment--not to ORA requests for those records. But neither statute exists in a vacuum. The way to translate this in ORA terms is to say someone requests a record. DOC has records Appellant wants. Appellant cannot get those records without a request pursuant to the ORA. Appellant's claim rests on his insistence that DOC has violated the ORA by refusing to produce records he has requested. By its own terms, this argument applies the language of the 2024 amendment to the things Appellant wants to see -- records existing at the time Appellant made his requests. And, as we have established, those records were covered under the confidentiality provision of the previous version of Section 1015(B).

Conclusion

¶25 This case is not about Oklahoma's execution protocol, execution drugs, or the wisdom of capital punishment. Those matters are determined by the voters, the Legislature, and the executive branch agencies which carry out the policies and laws set forth in legislation. "It is not the place of this Court, or any court, to concern itself with a statute's propriety, desirability, wisdom, or its practicality as a working proposition. A court's function, when the constitutionality of a statute is put at issue, is limited to a determination of the validity or invalidity of the legislative provision and a court's function extends no farther in our system of government." Lee v. Bueno, 2016 OK 97381 P.3d 736

ACCELERATED APPEAL PREVIOUSLY RETAINED
TRIAL COURT AFFIRMED

CONCUR: Kuehn, V.C.J., and Winchester, Edmondson, Gurich and Kane, JJ.

CONCUR IN RESULT: Combs, J.

DISSENT: Rowe, C.J., and Jett, J., (by separate writing)

RECUSED: Darby, J.

FOOTNOTES

JETT, J., with whom ROWE, C.J., joins, DISSENTING:

¶1 The judgment on appeal is the result of an improper motion to dismiss. The Oklahoma Department of Corrections' motion to dismiss was filed long after the pleadings had closed, which is prohibited by 12 O.S. § 2012

¶2 I would reverse and remand the case to the trial court. Reversal is mandated by the Oklahoma Statutes and the Rules for District Courts of Oklahoma. Remand would allow the trial court to assess the legal sufficiency of Fred Hodara's claims based on the facts developed in discovery rather than the allegations in Hodara's petition from 2021.

I.

¶3 On October 12, 2021, Plaintiff/Appellant Fred Hodara ("Hodara") filed this lawsuit alleging Defendant/Appellee Oklahoma Department of Corrections ("DOC") did not comply with the Open Records Act. DOC filed its first motion to dismiss all the way back on November 15, 2021. The trial court denied that motion.

¶4 DOC answered Hodara's petition on April 7, 2022. From the docket sheet in the record, it is apparent that the parties then commenced discovery. On October 9, 2023, DOC moved for summary judgment. Hodara filed a competing summary judgment motion two days later. The trial court entered an order denying both parties' motions for summary judgment on January 25, 2024.

¶5 A few months later, the Oklahoma Legislature amended 22 O.S. § 101512 O.S. § 201222 O.S. § 1015

II.

A.

¶6 DOC's motion to dismiss that precipitated the judgment on appeal is prohibited by statute and the Rules for District Courts of Oklahoma. A motion to dismiss "shall be made before pleading . . . ." 12 O.S. § 201212 O.S. § 2012

¶7 What DOC actually filed is a motion for judgment on the pleadings. "The substance of a motion requesting judicial relief, rather than the motion's title, is determinative of the relief requested from the court." State ex rel. Wright v. Okla. Corp. Comm'n, 2007 OK 73170 P.3d 1024See E.E.O.C. v. W.H. Braum, Inc., 347 F.3d 1192, 1195 (10th Cir. 2003); State ex rel. Okla. State Bd. of Embalmers v. Guardian Funeral Home, 1967 OK 141429 P.2d 732

¶8 However, Oklahoma's civil procedure statutes no longer provide for motions for judgment on the pleadings. 12 O.S. § 2012Id. Both 12 O.S. 2012(B) and Rule 4(l) forbid the motion and subsequent order at issue in this appeal.

B.

¶9 Rather than a motion to dismiss (or motion for judgment on the pleadings), the proper method for DOC to test the legal sufficiency of Hodara's case is a motion for summary judgment. Entertaining DOC's motion to dismiss, rather than mandating a procedurally correct motion for summary judgment, creates a procedural conundrum. For instance, must we give Hodara leave to amend since the trial court's order did not determine that amendment was futile? Can we dismiss Hodara's lawsuit at this stage without allowing him to present the evidence he obtained in discovery?

¶10 While I fully agree with the majority that 22 O.S. § 1015

III.

¶11 The judgment on appeal is the result of the trial court granting a motion that it was required by rule to summarily deny. Okla.Dist.Ct.R. 4(l). Due to the procedural misstep of granting the motion to dismiss, we have an incomplete record before us. In my view, we should reverse the decision below. I respectfully dissent.

FOOTNOTES

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105