2017 OK 8

JANICE STEIDLEY, an individual; DAVID ISKI, an individual; and M. BRYCE LAIR, an individual, Plaintiffs/Appellees,

v.

JOHN SINGER, an individual; STEVE COX, an individual; and MYRON GRUBOWSKI, an individual, Defendants/Appellants,

and

SCOTT WALTON, an individual; RUSSELL GUILFOYLE, an individual; BILLY D. JONES, an individual; and JOHN DOE, NOS. 1–25, individuals, Defendants.

Case Number: 114534

Supreme Court of Oklahoma.

Decided: 01/24/2017

Gary L. Richardson, Charles L. Richardson, Mbilike Mwafulirwa, Tulsa, Oklahoma, for Plaintiffs/Appellees.

Mark D. Antinoro, Pryor, Oklahoma, for Plaintiff/Appellee, David Iski.

Josh Lee, Vinita, Oklahoma, for Plaintiff/Appellee, M. Bryce Lair.

Scott B. Wood, Tulsa, Oklahoma, for Defendants/Appellants John Singer and Steve Cox.

Michael J. Masterson, David R. Fleury, Tulsa, Oklahoma, for Defendant/Appellant Myron Grubowski.

Kari Y. Hawkins, Assistant Attorney General, Oklahoma City, Oklahoma, for Non–Party Intervenor State of Oklahoma.

KAUGER, J.:

¶1 The dispositive issue is whether the Oklahoma Citizens Participation Act (the OCPA), 12 O.S. Supp. 2014 1430 *et. seq.*,[1] which became effective November 1, 2014, retroactively applies to this cause. We hold that it does not.

## FACTS

¶2 On October 16, 2013, the plaintiff/appellants, Janice Steidley, the District Attorney for Rogers County, Oklahoma, David Iski, the Assistant District Attorney for Tulsa County, Oklahoma, and M. Bryce Lair, the Assistant District Attorney for Craig County, Oklahoma (District Attorneys) filed a lawsuit against several individual citizens in the District Court of Rogers County, Oklahoma. The District Attorneys alleged that the individuals filed a Petition for a Grand Jury Investigation with the Court Clerk on August 26, 2013, which contained false and reckless allegations of criminal misconduct, violation of civil statutes, witness tampering, wiretapping, threats, destruction of government records, among other allegations of corruptions against them.

¶3 On August 29, 2013, the Rogers County District Court approved the Grand Jury petition and permitted it to be circulated to obtain signatures. The District Attorneys amended their petition in November of 2013, and nearly one year later, while the case was still pending, the Oklahoma Citizens Participation Act (OCPA), was amended/re-written in 2014 to become effective on November 1, 2014, 12 O.S. Supp. 2014 1430–440.

¶4 The stated purpose of the OCPA is to encourage and safeguard the constitutional rights of persons to "petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file a meritorious lawsuit for a demonstrable injury."[2] It accomplishes this goal by allowing parties to file motions to dismiss legal actions if the legal action relates or is in response to free speech.[3]

¶5 Legal action is very broadly defined under the terms of the OCPA.[4] Once such a motion for dismissal is filed, the lawsuit is suspended until the plaintiff can establish by clear and specific evidence a prima facie case of each essential element of the claim in question.[5] To decide the motion to dismiss,

1. Title 12 O.S. Supp. 2014 1430 provides:
   A. This act may be known and shall be cited as the "Oklahoma Citizens Participation Act".
   B. The purpose of the Oklahoma Citizens Participation Act is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

2. Title 12 O.S. Supp. 2014 1430, see note 1, supra.

3. 12 O.S. Supp. 2014 1432 provides:
   (A) If a legal action is based on, relates to or is in response to a party's exercise of the right of free speech, right to petition or right of association, that party may file a motion to dismiss the legal action.
   (B) A motion to dismiss a legal action under this section shall be filed no later than sixty (60) days after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.
   (C) Except as provided in Section 6 of the Oklahoma Citizens Participation Act, on the filing of a motion under subsection A of this section, all discovery in the legal action shall be suspended

until the court has ruled on the motion to dismiss.
   These types of acts are enacted to counteract lawsuits commonly known as SLAPP suits or strategic lawsuits against public participation which are aimed at deterring public participation in decision-making forums. See generally, Laura Long, *Slapping Around the First Amendment: An Analysis of Oklahoma's Anti–SLAPP Statute and Its Implication on the Right to Petition*, 60 Okla. L.Rev. 419 (2007), discussing the OCPA as it existed at that time.

4. 12 O.S. Supp. 2014 1431(6) provides:
   'Legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief;

5. Title 12 O.S. Supp. 2014 1432, see note 3, supra. Title 12 O.S. Supp. 2014 1434 provides:
   A. The court shall rule on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act no later than thirty (30) days following the date of the hearing on the motion.
   B. Except as provided by subsection C of this section, on the motion of a party filed pursuant to Section 3 of this act, a court shall dismiss a

the Court: may allow discovery;[6] issue findings as to the purpose the action was brought;[7] and may award costs, sanctions and attorney fees to the moving party.[8] Consistent with its stated purpose, the entire Act is devoted to deterring, preventing and dismissing certain free speech/association/participation type lawsuits as soon as possible after filing.

¶ 6 After filing their answers, the individual citizens filed a motion to dismiss pursuant to the OCPA. The trial court, in an order filed November 16, 2015, denied the motions to dismiss, implicitly holding that the OCPA does not apply retroactively to this cause. The individual citizens appealed, and on August 16, 2016, the Court of Civil Appeals affirmed and remanded for further proceedings. It held that the OCPA did not retroactively apply to this cause. The individual citizens filed a petition for certiorari on August 31, 2016, and we granted certiorari on December 13, 2016, to address the retroactive application of the OCPA.

## THE OCPA DOES NOT APPLY RETROACTIVELY.

¶ 7 The plaintiffs/appellees amended petition was filed in November of 2013 and nearly one year later, the Oklahoma Citizens Participation Act (OCPA), 12 O.S. Supp. 2014 1430–440, became effective on November 1, 2014. The defendants/appellants argue that the OCPA applies to this cause and the lawsuit should be dismissed pursuant to the OCPA. The plaintiffs/appellees counter that the OCPA does not retroactively apply to this cause.

¶ 8 Our recent decision in Anagnost v. Tomecek, 2017 OK 7, 390 P.3d 707, also decided today, holds that the terms of the Okla. Const., Art. 5, 54 protect matured rights from the effects of after-enacted legislative change,[9] and that because the OCPA

legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to or is in response to the party's exercise of:
1. The right of free speech;
2. The right to petition; or
3. The right of association.
C. The court shall not dismiss a legal action under this section if the party filing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.
D. Notwithstanding the provisions of subsection C of this section, the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

6. Title 12 O.S. Supp. 2014 1435 provides:
A. In determining whether a legal action shall be dismissed under the Oklahoma Citizens Participation Act, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.
B. On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion to dismiss.

7. Title 12 O.S. Supp. 2014 1436 provides:
A. At the request of a party making a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.
B. The court shall issue findings under subsection A of this section no later than thirty (30) days after the date a request is made under subsection A of this section.

8. Title 12 O.S. Supp. 2014 1438 provides:

A. If the court orders dismissal of a legal action under the Oklahoma Citizens Participation Act, the court shall award to the moving party:
  1. Court costs, reasonable attorney fees and other expenses incurred in defending against the legal action as justice and equity may require; and
  2. Sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the Oklahoma Citizens Participation Act.
B. If the court finds that a motion to dismiss filed under the Oklahoma Citizens Participation Act is frivolous or solely intended to delay, the court may award court costs and reasonable attorney fees to the responding party.

9. The Okla. Const. Art. 5, 54, provides:

54. Repeal of statute—Effect.
The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

affects substantive rights, it must be prospectively applied to legal actions filed after the November 1, 2014, effective date. Accordingly, pursuant to our holding in <u>Anagnost</u> v. <u>Tomecek</u>, 2017 OK 7, 390 P.3d 707, and the cases cited therein,[10] the OCPA does not apply to this cause.

**COURT OF CIVIL APPEALS' OPINION AFFIRMED; TRIAL COURT AFFIRMED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.**

COMBS, C.J., GURICH, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, REIF, JJ., concur.

**10.** <u>King</u> Mfg. v. <u>Meadows</u>, 2005 OK 78, ¶ 12, 127 P.3d 584; <u>Cole</u> v. <u>Silverado</u> Foods, <u>Inc.</u>, 2003 OK 81, ¶ 14, 78 P.3d 542; <u>Williams</u> Companies, <u>Inc.</u> v. <u>Dunkelgod</u>, 2012 OK 96, ¶ 18, 295 P.3d 1107; <u>Forest</u> Oil Corp. v. Corp. Comm'n of <u>Oklahoma</u>, 1990 OK 58, ¶ 11, 807 P.2d 774.