OSCN Found Document:ANAGNOST v. TOMECEK

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 ANAGNOST v. TOMECEK
2017 OK 7
Case Number: 113748
Decided: 01/24/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 7, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



STEVEN C. ANAGNOST, M.D., Plaintiff/Appellee/Counter-Appellant,
v.
FRANK J. TOMECEK, M.D., P.L.C.; FRANK J. TOMECEK, M.D.; OKLAHOMA SPINE AND BRAIN INSTITUTE, LLP; CLINTON BAIRD, M.D.; CHRIS M. BOXELL, L.L.C.; CHRISTOPHER M. BOXELL, M.D.; DAVID A. FELL, M.D.; Defendants/Appellants/Counter-Appellees,
and
TULSA SPINE & SPECIALTY HOSPITAL, L.L.C.; STATE OF OKLAHOMA, ex rel. OKLAHOMA MEDICAL LICENSURE AND SUPERVISION BOARD; LYLE KELSEY; ERIC FRISCHE, M.D.; GAYLA JANKE; GARY L. BROOKS; S. RANDALL SULLIVAN; and DANIEL B. GRAVES, Defendants.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION I
Honorable Thomas E. Prince, Trial Judge

¶0 After the Oklahoma Board of Medical Licensure and Supervision (Board) began investigating the plaintiff/appellant, Dr. Steven Anagnost, he filed a lawsuit against several doctors and their professional companies (collectively the defendants). Dr. Anagnost alleged negligence, abuse of process, tortious interference with business relations, intentional infliction of emotional distress, and defamation. When Dr. Anagnost discovered additional information from the Board's file, he filed an amended petition asserting additional claims against the Board and certain Board members. His amended petition was filed after the newly enacted Oklahoma Citizens Participation Act, (the OCPA), 12 O.S. Supp, 2014 §§1430 et seq. became effective. The defendants sought dismissal of the lawsuit pursuant to the new dismissal provisions of the OCPA. The trial court applied the OCPA, and dismissed the negligence claims against the defendants, but denied all other requested relief. The defendants appealed and the Court of Civil Appeals affirmed in part, reversed in part, and remanded with directions. We granted certiorari to address the dispositive issue of whether the OCPA may be applied retroactively. We hold that it does not apply retroactively.

COURT OF CIVIL APPEALS' OPINION VACATED;
TRIAL COURT REVERSED AND CAUSE REMANDED.

Joe E. White, Jr., Charles C. Weddle, III, Patrick M. Ryan, Phillip G. Whaley, Jason A. Ryan, Oklahoma City, Oklahoma, for Plaintiff/Appellee, Counter-Appellant.
Walter D. Haskins, Rachel F. Hughes, Meredith D. Lindaman, Tulsa, Oklahoma, for Defendants/Appellants/Counter-Appellees, Frank J. Tomecek, M.D., P.L.C.; Frank J. Tomecek, M.D.
Marthanda J. Beckworth, Jennifer R. Annis, Michael P. Atkinson, Tulsa, Oklahoma, for Defendant/Appellant/Counter-Appellee, David A. Fell, M.D.
Hilton H. Walters, R. Gene Stanley, Oklahoma City, Oklahoma, for Defendants/Appellants/Counter-Appellees, Oklahoma Spine and Brain Institute, L.L.P.; Clinton Baird, M.D.; Chris M. Boxell, L.L.C.; Christopher M. Boxell, M.D.


KAUGER, J.:
¶1 The dispositive issue is whether the Oklahoma Citizens Participation Act (the OCPA), 12 O.S. Supp. 2014 §§1430 et. seq.,[1] which became effective November 1, 2014, retroactively applies to the plaintiff's claims in this cause. We hold that it does not.
FACTS
¶2 In 2010, the Oklahoma Board of Medical Licensure and Supervision (Board) began investigating the plaintiff/appellant, Dr. Steven Anagnost (Dr. Anagnost). The Oklahoma Attorney General's office filed a complaint before the Board against Dr. Anagnost on June 18, 2010. The complaint alleged that the Doctor engaged in incompetence, fraud, overbilling and/or negligence in the care of patients. The prosecution of the complaint lasted over three years and resulted in previous appeals to this Court,[2] culminating in the Doctor agreeing to discipline by entering into a consent decree with the Board on September 12, 2013.[3]
 
¶3 On November 7, 2013, Dr. Anagnost filed a lawsuit against Drs. Tomecek, Boxell, and their respective professional L.L.C. companies, Drs. Fell and Baird, and the Oklahoma Spine and Brain Institute, L.L.P. for negligence, abuse of process, tortious interference with business relations, intentional infliction of emotional distress, and defamation. During discovery, Dr. Anagnost served subpoenas seeking the Board's investigative file on him. The trial court determined that the Board's file was not discoverable because it was confidential/privileged. However, the Board did provide its file to the Oklahoma Bar Association (OBA). [The OBA was involved because Dr. Anagnost had filed complaints against the attorneys involved in his licensure proceedings.].
 
¶4 The OBA met with Dr. Anagnost on April 14-15, 2014, and showed him some of the documents from the Board's file and allowed him to take notes of the contents of the Board's file. After reviewing the OBA's information, Dr. Anagnost, on December 12, 2014, filed an amended petition, asserting additional claims and added the Board and certain Board members as defendants. He also insisted that had he known what was in the investigative file, he never would have agreed to the Board's consent order. The defendants, in turn, on December 29, 2014, filed motions to dismiss the amended petition, relying on the newly effective provisions of the OCPA regarding a new procedure for dismissal.[4]
¶5 The trial court held a hearing on the motion to dismiss on February 13, 2015. On March 9, 2015, it issued an order sustaining the defendants' motions to dismiss (collectively, the appellants) the doctor's negligence claims, with the exception of defendant Tulsa Spine & Specialty Hospital which it reserved to be determined by a separate order. All other requested relief was denied. The appellants filed an appeal on March 16, 2015. Dr. Anagnost filed a counter-appeal on April 20, 2015, and the matter was assigned to the Court of Civil Appeals.
¶6 On February 5, 2016, the Court of Civil Appeals affirmed in part, reversed in part, and remanded with directions. It held that the OCPA applied to this cause, and that Dr. Anagnost did not establish by clear and specific evidence a prima facie case for each essential element of his claim as required by the OCPA.[5] The Doctor filed a petition for certiorari on February 25, 2016, and we granted certiorari on October 24, 2016, to address the retroactive application of the OCPA.[6]
 
THE OCPA DOES NOT APPLY RETROACTIVELY.
 
¶7 Dr. Anagnost's initial petition was filed on November 7, 2013, in the Oklahoma County District Court. The OCPA became effective November 1, 2014. Dr. Anagnost filed an amended petition on December 12, 2014. The appellants argue that the OCPA applies to this cause and the lawsuit should be dismissed pursuant to the OCPA. The Doctor counters that the OCPA does not retroactively apply to this cause.
¶8 The Oklahoma Citizens Participation Act (OCPA), was amended/re-written in 2014 to become effective on November 1, 2014, 12 O.S. Supp. 2014 §§1430-440. The stated purpose of the act is to encourage and safeguard the constitutional rights of persons to "petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file a meritorious lawsuit for a demonstrable injury."[7] It accomplishes this goal by allowing parties to file motions to dismiss legal actions if the legal action relates or is in response to free speech.[8] These types of acts are enacted to counteract lawsuits commonly known as SLAPP suits or strategic lawsuits against public participation which are aimed at deterring public participation in decision-making forums.[9]
¶9 Legal action is very broadly defined under the terms of the OCPA.[10] Once such a motion for dismissal is filed, the lawsuit is suspended until the plaintiff can establish by clear and specific evidence a prima facie case of each essential element of the claim in question.[11] To decide the motion to dismiss, the Court: may allow discovery;[12] issue findings as to the purpose the action was brought;[13] and may award costs, sanctions and attorney fees to the moving party.[14] Consistent with its stated purpose, the entire Act is devoted to deterring, preventing and dismissing certain free speech/association/participation type lawsuits as soon as possible after filing.
¶10 Nowhere in the OCPA is the question of retroactive or prospective application addressed. Yet this question is critical because our Constitution, Art. 5 §§ 52, 54 protect the accrual of an action when the plaintiff could have first maintained the action by safeguarding substantive rights which remain unaffected by later-enacted legislation, despite statutory language to the contrary.[15]
¶11 Because Oklahoma's Workers' Compensation statutes often involve after-enacted legislative changes from year to year, the scenario presented in this cause is often seen in Workers' Compensation cases; nevertheless, the rule of law applicable to such cases is equally applicable here. In Cole v. Silverado Food, Inc., 2003 OK 81, ¶14, 78 P.3d 542 the Court discussed the impact of after-enacted legislative changes to an employee's compensation rights and benefits.
¶12 Cole involved a claimant whose statutorily allowed time-span to request a hearing for an adjudication of the workers' compensation claim was shortened during the pendency of an action. The Court noted that statutes which relate solely to remedies and affect only modes of procedure are generally held to operate retroactively and apply to pending proceedings. However, statutes which affect parties' substantive rights and liabilities are shielded from amendatory changes by the terms of the Okla. Const. Art. 5, §54.[16] These principles were again reiterated in King Mfg. v. Meadows, 2005 OK 78, ¶12, 127 P.3d 584 when we determined that an award for a change in condition was governed by the statute in effect at the time of the injury, rather than the statutory limits in effect when the change in condition was discovered.
¶13 Similarly in Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 18, 295 P.3d 1107 we noted the longstanding rules that a cause of action accrues when the plaintiff could have first maintained an action;[17] generally, a statute or its amendments will have only prospective effect unless the statute clearly provides otherwise;[18] and the Oklahoma Constitution guarantees that any cause of action which has accrued may not be destroyed by the Legislature after the suit has commenced and that claims which have become barred, due to the passage of time or by statute, may not be revived by the Legislature.[19]
¶14 In Dunkelgod, supra, we said:


The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues. It is determined as of the date of injury and is a substantive right which remains unaffected by later-enacted legislation, despite statutory language to the contrary. See Dunlap, Nomac, supra; Okla. Const., Art. 5, §§ 52, 54. Our constitution protects the accrual of a cause of action so that a person's failure to exercise rights under a statute prior to the statute's repeal does not result in the loss of those rights. Hammons v. Muskogee Medical Center Authority, 1985 OK 22, 697 P.2d 539, 542. Generally, a statute or its amendments will have only prospective effect unless it clearly provides otherwise. Id. While the statute at issue, § 340(D), provides that the date of injury is irrelevant, applying this provision as written would allow the unconstitutional abrogation of an accrued right. Hammons, supra, 697 P.2d at 542.
For the same reasons stated in Dunkelgod, statutes and amendments are to be construed to operate only prospectively unless the Legislature clearly expresses a contrary intent.[20] If doubt exists, it must be resolved against retroactive effect.[21]
¶15 We explained in Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶11, 807 P.2d 774, a case involving the application of a statute which delineated proper parties and specified who was entitled to notice of proceedings, that:


The general rule is that statutes are intended to operate prospectively unless the Legislature clearly expresses a contrary intent. If doubt exists, it must be resolved against a retroactive effect. However, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights may operate retrospectively, and apply to pending actions or proceedings. A purely procedural change is one that affects the remedy only, and not the right. Application of §87.2 to the instant cause would alter more than the potential remedy, it would preclude ONG from participating in the action. Statutes which act as a complete bar to assertion of an interest affect rights rather than just remedies. (Citations omitted).
¶16 Here, there is no indication that the Legislature intended for the OCPA to operate retrospectively. Even if it had, the changes made to the OCPA appear substantive, rather than merely procedural. Section 1434 creates a new defense to causes of action involving first amendment rights, which effectively provides immunity from suit and would act as a complete bar to the plaintiff's claim in this cause.[22] Similar examples of substantive changes which were not applied retroactively have previously been found in the context of workers' compensation law, the Oklahoma Consumer Protection Act, and the Political Subdivision Tort Claims Act.[23] The OCPA employs a special motion to dismiss with expedited trial court and appellate review and the stay of discovery pending a decision on the motion which benefits targets of such lawsuits by reducing the time commitment and financial resources to combat the lawsuits, thereby lessening the chill effect on petitioning activity.[24]
¶17 Section 1438 of the OCPA allows the target of such lawsuits to recover damages by providing award of attorney fees, costs and other reasonable expenses as well as sanctions in the event that a motion to dismiss is granted.[25] Statutory amendments which permit newly recoverable damages are an enlargement of substantive rights and generally operate only prospectively.[26] Because the OCPA affects substantive rights, it must be prospectively applied to legal actions filed after the November 1, 2014, effective date.[27] Consequently, the OCPA cannot be applied retroactively to the doctor's claim in this cause.
¶18 The doctor's amended petition arises out of the same transaction or occurrence set forth in the original petition, but adds additional parties and claims directed to the additional parties. Title 12 O.S. 2011 §2015 allows the changes or naming of parties against whom a claim is asserted if the claim asserted in the amended petition arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and the party received notice, would not be prejudiced should have known that they would have been a party to the lawsuit. It provides:


An amendment of a pleading relates back to the date of the original pleading when:
1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or
2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:
a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment to add an omitted counterclaim does not relate back to the date of the original answer.
It appears that the amended petition relates back to his original petition, and the filing of the amended petition after the OCPA became effective is inconsequential to this cause.[28] However, the trial court may determine on remand whether these conditions have been satisfied in this cause.
CONCLUSION
¶19 The terms of the Okla. Const., Art. 5, §54 protect matured rights from the effects of after-enacted legislative change.[29] After-enacted legislation that would effectively act as a complete bar to the plaintiff's claim[30] and permit newly recoverable damages are an enlargement of substantive rights and generally operate only prospectively.[31] Consequently, the OCPA is inapplicable to the doctor's claims in this cause.

COURT OF CIVIL APPEALS' OPINION VACATED;
TRIAL COURT REVERSED AND CAUSE REMANDED.

COMBS, C.J., GURICH, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, REIF, JJ., concur.

FOOTNOTES

[1] Title 12 O.S. Supp. 2014 §1430 provides:
A. This act may be known and shall be cited as the "Oklahoma Citizens Participation Act".
B. The purpose of the Oklahoma Citizens Participation Act is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

[2] On November 15, 2012, Dr. Anagnost filed an application for original jurisdiction and petition for writ of prohibition in this Court seeking to prohibit the Board from proceeding any further against him. In a 5-4 decision, the Court denied the request for a writ of prohibition.

[3] The terms of the Consent Order included concessions by both the Doctor and the Board and resulted in the Doctor paying a fine of $10,000.00 and the costs of the proceedings. In Case No. 114,639, the Doctor brought an action for fraud in signing the release which the trial court dismissed and the Court of Civil Appeals, on December 9, 2016, reversed and remanded with instructions to the trial court to allow the Doctor to amend his pleadings to cure any defects.

[4] Title 12 O.S. Supp. 2014 §§1430-1440.

[5] Title 12 O.S. Supp. 2014 §1434 provides:
A. The court shall rule on a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act no later than thirty (30) days following the date of the hearing on the motion.
B. Except as provided by subsection C of this section, on the motion of a party filed pursuant to Section 3 of this act, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to or is in response to the party's exercise of:
1. The right of free speech;
2. The right to petition; or
3. The right of association.
C. The court shall not dismiss a legal action under this section if the party filing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.
D. Notwithstanding the provisions of subsection C of this section, the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

[6] The issue of retroactivity of the OCPA was also addressed by the Court of Civil Appeals in two separate cases. The first, an unpublished opinion, in No. 114,534, Steidley v. Singer. In the unpublished opinion, the Court also held that the OCPA cannot apply retroactively. We also granted certiorari in 114,534 on December 13, 2016, to address the same retroactive application issue as presented in this cause. The second case, Steidley v. Community Newspaper Holdings, Inc. 2016 OK CIV APP 63, 383 P.3d 780, also determined that the OCPA cannot be applied retroactively. Certiorari was not sought in the second case and mandate has issued in it.

[7] Title 12 O.S. Supp. 2014 §1430, see note 1, supra.

[8] 12 O.S. Supp. 2014 §1432 provides:
(A) If a legal action is based on, relates to or is in response to a party's exercise of the right of free speech, right to petition or right of association, that party may file a motion to dismiss the legal action.
(B) A motion to dismiss a legal action under this section shall be filed no later than sixty (60) days after the date of service of the legal action. The court may extend the time to file a motion under this section on a showing of good cause.
(C) Except as provided in Section 6 of the Oklahoma Citizens Participation Act, on the filing of a motion under subsection A of this section, all discovery in the legal action shall be suspended until the court has ruled on the motion to dismiss.

[9] See generally, Laura Long, Slapping Around the First Amendment: An Analysis of Oklahoma's Anti-SLAPP Statute and Its Implication on the Right to Petition, 60 Okla. L.Rev. 419 (2007), discussing the OCPA as it existed at that time.

[10] 12 O.S. Supp. 2014 §1431(6) provides:
'Legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief;

[11] Title 12 O.S. Supp. 2014 §1432, see note 8, supra. Title 12 O.S. Supp. 2014 §1434 see note 5, supra.

[12] Title 12 O.S. Supp. 2014 §1435 provides:
A. In determining whether a legal action shall be dismissed under the Oklahoma Citizens Participation Act, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.
B. On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion to dismiss.

[13] Title 12 O.S. Supp. 2014 §1436 provides:
A. At the request of a party making a motion filed pursuant to Section 3 of the Oklahoma Citizens Participation Act, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.
B. The court shall issue findings under subsection A of this section no later than thirty (30) days after the date a request is made under subsection A of this section.

[14] Title 12 O.S. Supp. 2014 §1438 provides:
A. If the court orders dismissal of a legal action under the Oklahoma Citizens Participation Act, the court shall award to the moving party:


1. Court costs, reasonable attorney fees and other expenses incurred in defending against the legal action as justice and equity may require; and
2. Sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the Oklahoma Citizens Participation Act.
B. If the court finds that a motion to dismiss filed under the Oklahoma Citizens Participation Act is frivolous or solely intended to delay, the court may award court costs and reasonable attorney fees to the responding party.

[15] The Okla. Const., Art. 5, §§ 52, 54 provide, respectively:
§ 52. Revival of rights or remedies - Taking away cause of action or defense.
The Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State. After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.
§ 54. Repeal of statute - Effect.
The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute.

[16] The Okla. Const., Art. 5, §54, see note 15, supra.

[17] Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶14, 295 P.3d 1107; See gen., Cowart v. Piper Aircraft Corporation, 1983 OK 66, 665 P.2d 315.

[18]Hammons v. Muskogee Medical Center Authority, 1985 OK 22, 697 P.2d 539.

[19] The Okla. Const. Art. 5, §§52, 54, see note 15, supra.

[20] Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶11, 776 P.2d 847; Welch v. Armer, 1989 OK 117, ¶27, 776 P.2d 847.

[21] Forest Oil Corp. v. Corp. Comm'n of Oklahoma, see note 20, supra.

[22] Title 12 O.S. Sup. 2014 §1434, see note 5, supra. See also, Colin Quinlan, Erie and the First Amendment: State Anti-SLAPP laws in Federal Court After Shady Grove, 114 Colum.L.Rev.367, 367, n.54 (procedural protections of laws such as OCPA operate much like absolute or qualified immunity).

[23] See, e.g., Cole v. Silverado Foods, 2003 OK 81, 78 P.3d 542; Walls v. American Tobacco Co., 2000 OK 66, 11 P.3d 626; and Hammons v. Muskogee Medical Center Authority, 1985 OK 22, 697 P.2d 539.

[24] See generally, Laura Long, Slapping Around the First Amendment: An Analysis of Oklahoma's Anti-SLAPP Statute and Its Implication on the Right to Petition, 60 Okla. L.Rev.419 (2007), discussing the OCPA as it existed at that time.

[25] 12 O.S. Supp. 2014 §1438, see note 14, supra.

[26] See, e.g., Sudbury v. Deterding, 2001 OK 10, ¶18, 19 P.3d 856 [Because amended title 23, §72 increases the potential damages from three times the actual damages to include up to ten times the actual damages, the amendment cannot be viewed as merely a remedial or procedural change. The statute alters the liability of a defendant making the wrong potentially more costly.]; Thomas v. Cumberland Operating Company, 1977 OK 164, ¶10, 569 P.2d 974[ Under the great weight of authority, the measure and elements of damages are matters pertaining to the substance of the right and not to the remedy. Several new elements of damages were created by the enactment of 12 O.S. 1975 Supp. § 1055 . The statute permits newly recoverable damages upon the wrongful death of a minor child which were non-existent at common-law and non-recoverable under previous case law. It creates and enlarges the substantive rights of the survivors in the wrongful death action of a minor child. It cannot, therefore, be held to be a purely procedural statute.].

[27] In Steidley v. Community Newspaper Holdings, Inc. 2016 OK CIV APP 63, 383 P.3d 780, the Court of Civil Appeals, in a very persuasive opinion notes the 28 other states which have adopted similar acts to Oklahoma. The opinion also notes that the few states which have determined such acts to be merely procedural, differed from Oklahoma's law or were at least unconvincing and inconsistent with controlling Oklahoma law. We need not reiterate the Court's entire rationale in Steidley, supra, but we do determine it to be persuasive and in accordance with our prior caselaw.

[28] Roth v. Mercy Health Ctr., Inc., 2011 OK 2, 246 P.3d 1079; Pan v. Bane, 2006 OK 57, 141 P.3d 555.

[29] The Okla. Const. Art. 5, §54, see note 15, supra.

[30] Title 12 O.S. Sup. 2014 §1434, see note 5, supra. See, e.g., Cole v. Silverado Foods, note 23, supra; Walls v. American Tobacco Co., note 23, supra; and Hammons v. Muskogee Medical Center Authority, note 23 supra.

[31] See, e.g., Sudbury v. Deterding, note 26, supra; Thomas v. Cumberland Operating Company, see note 26, supra.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2017 OK 8, STEIDLEY v. SINGER
Discussed at Length


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2016 OK CIV APP 63, 383 P.3d 780, STEIDLEY v. COMMUNITY NEWSPAPER HOLDINGS, INC.
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 117, 776 P.2d 847, 60 OBJ 1618, Welch v. Armer
Discussed at Length
 1990 OK 58, 807 P.2d 774, 61 OBJ 1765, Forest Oil Corp. v. Corporation Com'n of Oklahoma
Discussed at Length
 2001 OK 10, 19 P.3d 856, 72 OBJ 365, SUDBURY v. DETERDING
Discussed
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed at Length
 2005 OK 78, 127 P.3d 584, KING MANUFACTURING v. MEADOWS
Discussed
 2006 OK 57, 141 P.3d 555, PAN v. BANE
Discussed
 2011 OK 2, 246 P.3d 1079, ROTH v. MERCY HEALTH CENTER, INC.
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed at Length
 1977 OK 164, 569 P.2d 974, THOMAS v. CUMBERLAND OPERATING CO.
Discussed
 2000 OK 66, 11 P.3d 626, 71 OBJ 2361, WALLS v. AMERICAN TOBACCO, CO.
Discussed
 1983 OK 66, 665 P.2d 315, Cowart v. Piper Aircraft Corp.
Discussed
 1985 OK 22, 697 P.2d 539, Hammons v. Muskogee Medical Center Authority
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1430, Title - Purpose
Discussed at Length
 12 O.S. 1431, Definitions
Cited
 12 O.S. 1432, Motion to Dismiss Legal Action Based on a Party's Exercise of Rights
Discussed
 12 O.S. 1434, Ruling on a Motion to Dismiss - Standard of Proof
Discussed at Length
 12 O.S. 1435, Consideration of Pleadings and Affidavits - Specific and Limited Discovery
Cited
 12 O.S. 1436, Motion to Dismiss Brought for an Improper Purpose
Cited
 12 O.S. 1438, Award of Attorney Fees, Costs, and Expenses
Discussed
 12 O.S. 1055, Death of a Child
Cited
 12 O.S. 2015, Amended and Supplemental Pleadings
Cited