THACKER v. WALTON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:THACKER v. WALTON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 THACKER v. WALTON
2021 OK CIV APP 5
491 P.3d 756
Case Number: 118301
Decided: 03/08/2021
DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 5, 491 P.3d 756

 

KIRT THACKER, Plaintiff/Appellee,
v.
SCOTT WALTON, individually and in his official capacity, Defendant/Appellant,
and
JOHN SINGER, individually, Defendant/Appellant,
and
CHARLES ROGERS, individually, Defendant.

ORDER

¶1 This matter comes before the Court for consideration of the parties' competing requests for attorney fees, Appellant Scott Walton's Motion for Appellate Costs, and Appellant John Singer's Motion for Appellate Costs. We previously determined the trial court should have dismissed pursuant to the Oklahoma Citizens Participation Act (OCPA) Thacker's state law claims, thereby reversing in part the trial court's denial of Walton's and Singer's motions to dismiss. As articulated in our Opinion, Thacker's federal claims are not subject to the OCPA, and therefore, we affirmed the trial court's denial of the appellants' motions to dismiss to the extent they sought dismissal of the federal claims. Each party now seeks an award of appeal-related attorney fees based on varying interpretations of the applicable fee statute, 12 O.S. § 1438, which provides:

A. If the court orders dismissal of a legal action under the Oklahoma Citizens Participation Act, the court shall award to the moving party:

1. Court costs, reasonable attorney fees and other expenses incurred in defending against the legal action as justice and equity may require;

and

2. Sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in the Oklahoma Citizens Participation Act.

A. If the court finds that a motion to dismiss filed under the Oklahoma Citizens Participation Act is frivolous or solely intended to delay, the court may award court costs and reasonable attorney fees to the responding party.

¶2 Walton and Singer argue § 1438(A)(1) mandates an award of attorney fees in their favor because they secured by virtue of our Opinion dismissal of Thacker's state law claims under the OCPA. Thacker refutes the contention. He asserts dismissal of some but not all claims was not a dismissal of a legal action as contemplated by the OCPA and also that an award of fees under § 1438(A)(1) is discretionary. As support for the latter contention, Thacker points to the language, "as justice and equity may require," which, according to Thacker's interpretation, means a court may opt not to award fees to a moving party even if the party's motion to dismiss a legal action under the OCPA is successful.

¶3 We first address whether or not fees are mandatory under § 1438(A)(1). This Court, in Steidley v. Community Newspaper Holdings, Inc., 2016 OK CIV APP 63, ¶ 19, 383 P.3d 780, 788 previously answered in the affirmative, holding:

Now, in the event the special motion to dismiss [filed pursuant to the OCPA] is granted, the claimant is responsible for mandatory attorney fees . . . .[T]he trial court must award such damages leaving only the appropriate amount of the award to the discretion of the trial court.

We hereby reaffirm that specific holding, which is further supported by the last antecedent rule, pursuant to which "a limited or restrictive clause contained in [a] statute is generally construed to refer to and limit and restrict the immediately preceding clause or last antecedent." Matter of Estate Tax Protest of Leake Estate, 1994 OK CIV APP 157, ¶ 13, 891 P.2d 1299, 1302-03. We note, "The rule is an aid to construction and will not be utilized where extension to a more remote antecedent is required." Id. The phrase in § 1438(A)(1), "as justice and equity may require," applies exclusively to the last antecedent, "other expenses incurred in defending against the legal action." The phrase does not convert 1438(A)(1) into a discretionary fee provision. A holding otherwise would render meaningless the following language in § 1438(A) mandating fees: "the court shall award to the moving party[.]" (Italics supplied).

¶4 We next address as a matter of first impression whether the mandatory fee provision applies when some claims are dismissed under the OCPA special procedure but other claims are not. Attorney fees must be awarded under 12 O.S. § 1438(A)(1) only when there has been a dismissal of a "legal action." Therefore, as indicated by the parties, the determination of whether Walton and Singer are entitled to an award of attorney fees now turns on the interpretation of "legal action"--more specifically, whether the term includes individual claims. The definitions section of the OCPA broadly defines "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, counterclaim or any other judicial pleading or filing that requests legal or equitable relief." 12 O.S. § 1431(6); see also, Steidley v. Singer, 2017 OK 8, ¶ 5, 389 P.3d 1117, 1118. The definition is unclear about whether a single claim within a lawsuit containing multiple claims constitutes a legal action, and because the definition is susceptible to more than one reasonable interpretation, it must be subjected to rules of statutory interpretation. Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶ 18, 415 P.3d 521, 528. We are bound to provide a construction that avoids absurd consequences, without violating legislative intent. Id. "The legislative intent must be ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each." Id.

¶5 Notably, "legal action" is used in sections of the OCPA other than just the section addressing attorney fees. Perhaps most pertinent to our analysis, the phrase is also used in the section describing when dismissal is appropriate under the OCPA, to wit:

[O]n the motion of a party filed pursuant to Section 3 of this act, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to or is in response to the party's exercise of . . . .

12 O.S. § 1434(B).

¶6 If we were to accept the proposition that "legal action" does not include separate claims within a lawsuit, a motion filed pursuant to the OCPA's special dismissal procedure would be appropriate only if all claims in the lawsuit could be subjected to the OCPA. That would lead to an absurd result. The fear of dismissal and related repercussions (e.g. an award of attorney fees) for filing a meritless claim as determined under the OCPA would cease to exist anytime a plaintiff includes in the petition, perhaps strategically, a claim not subject to the OCPA (e.g. a federal claim). Such an outcome would also circumvent the means (i.e. motions to dismiss) by which the legislature accomplished the purpose of the OCPA, which, in pertinent part, "is to encourage and safeguard the constitutional rights of persons 'to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law[.]'" Steidley, 2017 OK 8, ¶ 4, 389 P.3d at 1118. If "legal action" as used in one section of the OCPA includes separate claims within a lawsuit, the phrase must mean the same within other sections, such as 12 O.S. § 1438(A). Such an interpretation gives full force and effect to each section, as required when construing legislative intent. Therefore, we find that "legal action" as used in 12 O.S. § 1438(A) includes, but is not limited to, individual claims contained in a lawsuit. Because Walton and Singer, the moving parties, secured dismissal of Thacker's state legal actions under the OCPA special procedure, they are entitled to recovery of their reasonable appeal-related attorney fees associated with the dismissal of the state law claims.

¶7 Next, we consider Thacker's distinct request for an award of attorney fees. Citing 12 O.S. § 1438(B), he contends fees should be awarded as a sanction against Walton and Singer because their quest for dismissal of Thacker's federal claims was purportedly frivolous. Although § 1438(B) allows a court to award fees if a motion to dismiss is deemed frivolous, we do not find the appellants' request for dismissal of Thacker's federal claims was frivolous, regardless of how frivolous is defined. The issue of whether Thacker's federal claims were subject to the OCPA dismissal procedure was one of first impression in Oklahoma. Walton and Singer's argument, while unsuccessful, was not asserted in bad faith or without any rational argument based in law or facts. Thacker's Motion for Appeal Related Attorney Fees is denied.

¶8 We last address the issue of costs. Walton and Singer argue 12 O.S. § 1438(A)(1) entitles them to recovery of all costs incurred on appeal. Thacker, relying on the same subsection, contends the appellants are not entitled to an award of any costs because they only partially prevailed on appeal. Section 1438 of the OCPA entitles a movant to court costs if the court orders dismissal of a legal action. The section does not address how appellate costs should be divided if, on appeal, the matter is affirmed in part and denied in part, as occurred here. That scenario is squarely addressed by 12 O.S. § 978.1, which makes clear "costs shall be equally divided between the parties" when an interlocutory order is reversed in part and affirmed in part. Section 978.1 controls the situation at hand. Therefore, the costs related to this appeal shall be equally divided.

¶9 For the reasons stated herein, this matter is remanded for the trial court to take the following actions related to the motions contemplated:

1. Determine and award the reasonable appeal-related attorney fees Scott Walton and John Singer incurred to prevail on the dismissal of Kirt Thacker's state law claims and

2. Determine and equally divide the appeal-related costs.

DONE BY ORDER OF THE COURT OF CIVIL APPEALS this 5th day of March, 2021.

/S/E. BAY MITCHELL, III
Presiding Judge






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1994 OK CIV APP 157, 891 P.2d 1299, 66 OBJ 1163, Estate Tax Protest of Leake Estate, Matter of
Discussed
 2016 OK CIV APP 63, 383 P.3d 780, STEIDLEY v. COMMUNITY NEWSPAPER HOLDINGS, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2017 OK 8, 389 P.3d 1117, STEIDLEY v. SINGER
Discussed at Length
 2018 OK 23, 415 P.3d 521, ODOM v. PENSKE TRUCK LEASING CO.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1431, Definitions
Cited
 12 O.S. 1434, Ruling on a Motion to Dismiss - Standard of Proof
Cited
 12 O.S. 1438, Award of Attorney Fees, Costs, and Expenses
Discussed at Length
 12 O.S. 978.1, Recovery of Costs for Review of Certain Interlocutory Orders on Appeal or on Certiorari
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA